# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 6, 2012 Session

## DAVEY MANN ET AL. v. ALPHA TAU OMEGA FRATERNITY ET AL.

**Appeal by permission from the Court of Appeals, Western Section**
**Circuit Court for Shelby County**
**No. CT-003646-07      John R. McCarroll, Jr., Judge**

_____

**No. W2010-02316-SC-R11-CV - Filed: July 3, 2012**

_____

We accepted this appeal of a personal injury action to determine whether the dismissal of a defendant pursuant to a written order not made final under Tennessee Rule of Civil Procedure 54.02 renders that defendant "not a party to the suit" for purposes of Tennessee Code Annotated section 20-1-119. We answer this question in the affirmative. Because the Court of Appeals upheld the judgment of the trial court dismissing the appellees from the Manns' second amended complaint as time-barred, we reverse the Court of Appeals and remand to the trial court for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals**
**Reversed; Remanded to the Circuit Court**

CORNELIA A. CLARK, C.J., delivered the opinion of the court, in which JANICE M. HOLDER, GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Herschel L. Rosenberg, Memphis, Tennessee, for the Appellants, Davey Mann and Teresa Mann.

Russell C. Rutledge, Germantown, Tennessee, for the Appellees, Daniel Kelly and John Condon, III.

Scott C. Campbell, Memphis, Tennessee, for the Appellees, Nicholas Beaver and Zachary Beaver.

Darryl D. Gresham and Harry W. Lebair, IV, Memphis, Tennessee, for the Appellee, E.J. Cox.

## OPINION

### Factual and Procedural Background

This personal injury suit arose from an automobile accident on July 22, 2006, when twenty-year-old Jeffrey Callicutt[1] drove his parents' vehicle into that of Davey and Teresa Mann. On July 17, 2007, the Manns sued Jeffrey Callicutt, as well as his parents, William and Deborah Callicutt, Alpha Tau Omega Fraternity ("ATO"), its Tennessee Zeta Rho Chapter ("ZR Chapter"), Eric and Lori Cox, and "John Doe, A through Z." The Manns alleged that just before the accident, Jeffrey Callicutt had attended a social gathering sponsored by ATO and ZR Chapter at the home of Eric and Lori Cox. According to the complaint, unknown fraternity members "John Doe, A through Z" provided Jeffrey Callicutt with alcohol "knowing that he was underage and continued to provide him with alcoholic beverages knowing his state of intoxication, and furthermore allowed him to drive his vehicle in an intoxicated state."

In its answer filed December 5, 2007, the ZR Chapter admitted that some of its members attended a social gathering on July 22, 2006, but it denied sponsoring the event or providing alcohol to Jeffery Callicutt. As to which of its members attended the gathering, the ZR Chapter provided:

> The roster of members of ZR Chapter are listed on Exhibit A,[2] attached hereto. Some of the members of Defendant ZR Chapter were in attendance at the social function and others were not. Defendant ZR Chapter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations . . . .

The ZR Chapter did not allege fault against any of its members, and it affirmatively averred: "All persons in attendance at the gathering used all reasonable means to prevent Defendant Jeffrey Callicutt from driving his vehicle."

---

[1] Throughout the record, Jeffrey Callicutt's surname is variously spelled "Callicutt" and "Callicut," even in filings by his own attorney. As we are unable to find any signature in the record to resolve this ambiguity, we follow the Court of Appeals and use "Callicutt" in this opinion.

[2] Exhibit A was not included in the record on appeal.

On March 3, 2008, the Manns amended their complaint to name, as additional defendants, fraternity members Nicholas and Zachary Beaver, E.J. Cox,[3] Daniel Kelly,[4] and John Condon, III ("Appellees").[5] In substance, the amended complaint closely tracked the claims, theories, and factual allegations of the original complaint.

Thereafter, Appellees filed dispositive motions in which they contended that the one-year statute of limitations had expired before they were named as parties. See Tenn. Code Ann. § 28-3-104 (2000). In response, the Manns relied upon Tennessee Code Annotated section 20-1-119, which allows a plaintiff to file an amended complaint against "a person not a party to the suit" within ninety days of the filing of an answer or amended answer by a timely sued defendant alleging that the person "contributed to the injury or damage for which the plaintiff seeks recovery."

On October 16, 2009, the trial court granted Appellees' dispositive motions, finding section 20-1-119 inapplicable and thus dismissing with prejudice the Manns' claims against Appellees as time-barred. However, the trial court's orders were not made final pursuant to Tennessee Rule of Civil Procedure 54.02. Less than one week later, on October 22, 2009, William and Deborah Callicutt filed an amended answer that explicitly alleged fault against Appellees.

On November 12, 2009, the Manns moved the trial court to permit an interlocutory appeal from the orders granting Appellees' dispositive motions, which the trial court ultimately denied on September 14, 2010. On January 11, 2010, while the motion for interlocutory appeal remained pending before the trial court, the Manns filed a second amended complaint, alleging the same claims against the same defendants on the same facts and theories. On February 18, 2010, a consent order was filed dismissing Jeffrey Callicutt and his parents from the suit.

---

[3] On April 3, 2012, the Manns voluntarily dismissed E.J. Cox, rendering moot his appeal to this Court.

[4] Throughout the record, Daniel Kelly's surname is variously spelled "Kelly" and "Kelley," even in filings by his own attorney. As we are unable to find any signature in the record to resolve this ambiguity, we follow the Court of Appeals and use "Kelly" in this opinion.

[5] A consent order was entered on February 28, 2008, which allowed the Manns to file an amended complaint. We note that Tennessee Rule of Civil Procedure 15, as amended effective July 1, 2007, now permits a plaintiff to file an amended complaint pursuant to Tennessee Code Annotated section 20-1-119 (2009) without prior consent of the parties or leave of the court.

3

Thereafter, Appellees filed dispositive motions attacking the second amended complaint.[6] In their memoranda of law, Appellees argued that the second amended complaint was barred by the one-year statute of limitations. Although Appellees conceded that the Manns had filed their second amended complaint within ninety days of the Callicutts' amended answer alleging fault against them, Appellees argued that the Manns could not rely upon section 20-1-119, which allows a plaintiff to file an amended complaint against "a person not a party to the suit." Appellees contended that they remained "parties" when the Callicutts amended their answer because the trial court's orders dismissing the first amended complaint as to Appellees had not been certified as final pursuant to Tennessee Rule of Civil Procedure 54.02 and the Manns' motion for interlocutory appeal remained pending before the trial court. In the alternative, Appellees argued that if the orders dismissing the first amended complaint as to them were final judgments, then the doctrine of res judicata would preclude the Manns from filing a second amended complaint that raised the same issues against the same parties as the first amended complaint.

On September 14, 2010, the trial court granted Appellees' dispositive motions and certified its order as final. See Tenn. R. Civ. P. 54.02. The Manns appealed, and the Western Section of the Court of Appeals affirmed the judgment of the trial court. Mann v. Alpha Tau Omega Fraternity, No. W2010-02316-COA-R3-CV, 2011 WL 3276233 (Tenn. Ct. App. Aug. 2, 2011). The Court of Appeals found that the Manns had waived any challenge to the trial court's orders granting Appellees' dispositive motions attacking their first amended complaint. Id. at *2 n.5. As to their second amended complaint, the Court of Appeals distinguished Townes v. Sunbeam Oster Co., 50 S.W.3d 446, 454 (Tenn. Ct. App. 2001), a factually similar case decided by the Middle Section, on the ground that the order at issue in Townes had been made final pursuant to Rule 54.02. Mann, 2011 WL 3276233, at *5-6. We granted the Manns' application for permission to appeal.

**Standard of Review**

The only issue before this Court is whether the trial court properly dismissed the Manns' second amended complaint as to Appellees.[7] Nicholas and Zachary Beaver filed a

---

[6] Specifically, Nicholas and Zachary Beaver filed a joint motion to dismiss for failure to state a claim, see Tenn. R. Civ. P. 12.02(6); Daniel Kelly and John Condon, III each filed motions for summary judgment, see Tenn. R. Civ. P. 56.02; and E.J. Cox filed a motion to dismiss for failure to state a claim, see Tenn. R. Civ. P. 12.02(6).

[7] In the October 16, 2009 orders granting Appellees' dispositive motions, the trial court found that none of the original defendants had explicitly alleged comparative fault against any of Appellees. The trial court did not address Austin v. State, 222 S.W.3d 354, 358 (Tenn. 2007), in which we held that "Tennessee Code Annotated section 20-1-119 applies whenever a defendant's answer gives a plaintiff notice of the

4

joint motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6). In granting the motion, the trial court based its decision on "the arguments of counsel in open court and the entire record in this cause." By considering matters outside the pleadings, however, the trial court converted the motion to dismiss for failure to state a claim into a motion for summary judgment. See Tenn. R. Civ. P. 12.02.[8] For their part, Daniel Kelly and John Condon, III expressly filed separate motions for summary judgment. See Tenn. R. Civ. P. 56.02.

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Because the parties do not dispute any material fact in this case, the issue presented is purely a question of law, which we review de novo with no presumption of correctness. Mills v. Fulmarque, Inc., 360 S.W.3d 362, 366 (Tenn. 2012). This appeal also involves statutory construction, which we likewise review de novo with no presumption of correctness. Id.

**Analysis**

The parties do not dispute that Tennessee Code Annotated section 28-3-104 imposes a one-year statute of limitations on personal injury actions, or that the Manns filed their second amended complaint more than one year after their cause of action accrued on July 22, 2006. This appeal centers on whether the Manns may avoid the statute of limitations by relying upon Tennessee Code Annotated section 20-1-119.

In McIntyre v. Balentine, 833 S.W.2d 52, 56 (Tenn. 1992), we abrogated our long-held principles of contributory negligence and adopted a system of modified comparative

_____

identity of a potential nonparty tortfeasor and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." The Manns argued in their brief before the Court of Appeals that the answer of ZR Chapter to the original complaint satisfied the low threshold of Austin. See Mann, 2011 WL 3276233, at *2 n.5. However, the Court of Appeals found that the Manns did not include this issue in their notice of appeal, which only references the September 14, 2010 order dismissing the second amended complaint, and that the Manns conceded this issue at oral argument. Id. In any event, the Manns did not discuss this issue in their briefs before this Court. Accordingly, we do not reach this issue. See Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").

[8] The last sentence of Tennessee Rule of Civil Procedure 12.02 provides: "If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."

fault to resolve tort claims. Under McIntyre, "so long as a plaintiff's negligence remains less than the defendant's negligence the plaintiff may recover; in such a case, plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff." Id. at 57. With this system, "we attempted to reconcile a plaintiff's interest in being made whole with a defendant's interest in paying only those damages for which he or she is responsible." Jones v. Prof'l Motorcycle Escort Serv., L.L.C., 193 S.W.3d 564, 567 (Tenn. 2006). More specifically, we outlined the following procedure:

> [F]airness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought. In cases where such a defense is raised, the trial court shall instruct the jury to assign this nonparty the percentage of the total negligence for which he is responsible. However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person. Thereafter, the additional party will be required to answer the amended complaint.

McIntyre, 833 S.W.2d at 58. However, we anticipated that allowing a defendant to shift some or all of the fault to a nonparty would result in a "predicament for some plaintiffs because a defendant could plead the fault of a nonparty after the statute of limitations had run against that nonparty, thus preventing the plaintiff from adding the nonparty to the suit." Browder v. Morris, 975 S.W.2d 308, 310 (Tenn. 1998). In such situations, "[a]ny fault attributed to the time-barred nonparty would then not be recoverable by the plaintiff." Id.

In response to this problem, the General Assembly enacted Tennessee Code Annotated section 20-1-119,[9] which provides in relevant part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person *not a party to the suit* caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation

---

[9] See Act of May 13, 1993, ch. 407, 1993 Tenn. Pub. Acts 699, 699-700; Browder, 975 S.W.2d at 310 (discussing the history and purpose of the statute).

6

of this section, the plaintiff may, within (90) ninety days of the filing of the first answer or first amended answer alleging that person's fault, . . . [a]mend the complaint to add the person as a defendant . . . .

Tenn. Code Ann. § 20-1-119 (emphasis added). We have previously recognized that this provision simply preserves a plaintiff's prerogative to select defendants in the same manner as before McIntyre. McNabb v. Highways, Inc., 98 S.W.3d 649, 654 (Tenn. 2003) (quoting Townes, 50 S.W.3d at 453).

The statute allows a plaintiff to add a comparative tortfeasor as a defendant after the statute of limitations has expired when two conditions are met. The first condition is that the plaintiff must assert a claim against a potential tortfeasor within ninety days of the naming of that person by a defendant sued within the statute of limitations applicable to the plaintiff's claim. Mills, 360 S.W.3d at 370 (Tenn. 2012). The second condition is that the person named must not already be a party to the lawsuit. Townes, 50 S.W.3d at 453.

The parties do not dispute that the Manns sued William and Deborah Callicutt within the one-year statute of limitations, that the Callicutts named Appellees as comparative tortfeasors in their amended answer, filed October 22, 2009, or that the Manns named Appellees as additional tortfeasors within ninety days of the Callicutts' amended answer. The dispute is whether Appellees remained parties for purposes of section 20-1-119 when Appellees were dismissed from the lawsuit pursuant to a written but non-final order. If so, the Manns failed to satisfy the second condition of section 20-1-119. Whether a named defendant ceases to be a "party to the suit," for purposes of section 20-1-119, upon entry of a written but non-final order of dismissal is an issue of first impression before this Court.

Both the Middle and Eastern sections of the Court of Appeals have held that section 20-1-119 does not necessarily preclude a plaintiff from amending her complaint to again name as a comparative tortfeasor a person previously dismissed from the suit. McCullough v. Johnson City Emergency Physicians, P.C., 106 S.W.3d 36, 46 (Tenn. Ct. App. 2002); Townes, 50 S.W.3d at 454 ("[W]e have concluded that an added defendant's status as a party should be determined . . . when the plaintiff . . . seeks to amend its complaint to name the additional comparative tortfeasor . . . ."); see also Ward v. AMI SUB (SFH), Inc., 149 S.W.3d 35, 38-39 (Tenn. Ct. App. 2004). Indeed, Appellees do not dispute the premise in Townes that a person's status in a suit may change over time. We must decide, therefore, *when* a person is no longer a "party to the suit" for purposes of section 20-1-119.

Appellees rely primarily on Tennessee Rule of Civil Procedure 54.02, which provides in its entirety:

7

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims or parties*, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02 (emphasis added). Appellees interpret this language to mean that a defendant ceases to be a "party to the suit," for purposes of section 20-1-119, only upon the entry of a *final judgment* by the trial court dismissing that defendant from the suit. Other than the language of the rule itself, however, Appellees cite no authority in support of this interpretation.

We note that Rule 54.02 took effect on July 1, 1979—before passage of section 20-1-119 in 1993. The language of Tennessee Rule of Civil Procedure 54.02 closely tracks that of Federal Rule of Civil Procedure 54(b). The federal rule arose from the liberal joinder of claims and parties allowed by the Federal Rules of Civil Procedure. Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 11-3(d), at 11-29 (2d ed. 2004) (quoting Fed. R. Civ. P. 54(b) advisory committee's note (1946)). The wide scope of modern actions necessitated a limited exception to the policy against piecemeal appeals, lest an injustice result from the delay in awaiting judgment of a distinctly separate claim until adjudication of the entire case. Id.; see also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-10 (1980) (discussing how federal courts must apply Rule 54(b)); Fox v. Fox, 657 S.W.2d 747, 749 (Tenn. 1983) (applying Rule 54.02). In short, the purpose of Rule 54.02 is to allow the trial court to convert an interlocutory ruling into an appealable order—not to define when a person is no longer a "party to the suit."

The word "party" is not a term of art uniformly defined at common law or by statute; rather, its meaning depends upon the context in which it appears. See, e.g., Tenn. Code Ann. § 39-11-401(a) (2010) ("A person is criminally responsible as a party to an offense, if the offense is committed by the person's own conduct, by the conduct of another for which the person is criminally responsible, or by both."); State v. Flood, 219 S.W.3d 307, 314 (Tenn. 2007) (holding that a rape victim was not a "party" for purposes of the hearsay exception for party admissions); Monceret v. Bd. of Prof'l Responsibility, 29 S.W.3d 455, 460 (Tenn.

8

2000) (holding that the professional obligation of an attorney to obtain consent before communicating with a represented "party" extends to a witness represented by counsel); Boles v. Smith, 37 Tenn. (5 Sneed) 105, 106 (1857) (holding that a landlord was not a "party" to an action of ejectment where the trial court improperly allowed him to conduct his tenant's defense).

These examples demonstrate, moreover, that general definitions of "party," while helpful, cannot be dispositive. Compare Boles, 37 Tenn. at 107 ("By the term *party*, in general, is meant one having a right to control the proceedings, to make a defence, to adduce and cross-examine witnesses, and to appeal from the judgment."), with Black's Law Dictionary 1154 (8th ed. 2004) (defining "party" as "one by or against whom a lawsuit is brought."). At best, these various authorities define *who* is a party, either generally or in specific contexts, but not *when* a person becomes—or ceases to be—a "party."

In Townes, the Court of Appeals carefully addressed this issue, for purposes of section 20-1-119, on similar facts. The Towneses suffered injuries when their grill exploded on December 1, 1993. Their complaint, timely filed on October 13, 1994, identified several defendants, including "Sunbeam" and "Manchester." Mistakenly believing that Sunbeam had no role in manufacturing a propane tank that may have caused the explosion, the Towneses voluntarily dismissed Sunbeam from the suit. On June 23, 1997, the Towneses filed a second amended complaint alleging new claims against Sunbeam, as well as Manchester. Sunbeam moved for summary judgment, citing the statute of limitations, while Manchester alleged comparative fault against Sunbeam in an answer filed September 4, 1997. Townes, 50 S.W.3d at 448-50, 454.

On September 26, 1997, the trial court ruled from the bench that the statute of limitations barred the Towneses' claims against Sunbeam, though a written order was not entered until October 17, 1997. Meanwhile, the Towneses sought permission to file a third amended complaint on October 3, 1997, again seeking to add Sunbeam as a defendant pursuant to section 20-1-119. The trial court denied the motion to amend, which led the Towneses to appeal the dismissal of the claims against Sunbeam in both the second and third amended complaints. Townes, 50 S.W.3d at 450.

The Court of Appeals upheld the trial court's dismissal of the second amended complaint as to Sunbeam. Manchester alleged fault against Sunbeam on September 4, 1997, but this allegation did not trigger section 20-1-119 because "Sunbeam actually became a party to the case in June 1997 when the trial court permitted the Townes[es] to file this [second] amended complaint." Id. at 454. Because the statute of limitations applicable to Sunbeam had expired, the appellate court held that the trial court's dismissal of the second amended complaint had been proper.

9

The Court of Appeals reversed the trial court's denial of the Towneses' motion to file a third amended complaint, however, because "Sunbeam's status changed as a result of the trial court's decision at the September 26, 1997 hearing." Id. There was no dispute that the Towneses had attempted to file their third amended complaint within ninety days of the allegation of fault against Sunbeam by Manchester—a defendant sued within the statute of limitations. "Since the Townes[es]' claims against Sunbeam had been dismissed, Sunbeam was no longer a party when the Townes[es] moved to file their third amended complaint on October 3, 1997." Id.

We adopt the reasoning of Townes and hold that a named defendant ceases to be a "party to the suit," for purposes of section 20-1-119, when the trial court issues an order—whether final or interlocutory—dismissing that defendant. We reach this conclusion based on the history and purpose of section 20-1-119, discussed above, as well as our many opinions liberally construing this statute and the impracticality of a contrary rule, which we discuss below.

We have repeatedly held that section 20-1-119 must be construed liberally to effectuate its remedial purpose. See Austin, 222 S.W.3d at 357-58 (holding that a defendant need not expressly allege comparative fault against the nonparty); Jones, 193 S.W.3d at 572-73 (holding that substantial compliance with procedural requirements suffices); McNabb, 98 S.W.3d at 654-55 (holding that plaintiffs have prerogative to select defendants); Browder, 975 S.W.2d at 311-12 (holding that comparative tortfeasors include vicarious tortfeasors). Although we may not contravene the plain language of the statute, Mills, 360 S.W.3d at 368, we agree with the Court of Appeals that the General Assembly enacted this section in order "to provide an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries." Townes, 50 S.W.3d at 451.

"The purpose of comparative fault under McIntyre is to link one's liability to his or her degree of fault in causing a plaintiff's damages." McNabb, 98 S.W.3d at 654 (citing McIntyre, 833 S.W.2d at 57). This objective is greatly impaired when a nonparty appears on the jury form against whom the plaintiff has no recourse. The purpose of section 20-1-119 is to afford plaintiffs a reasonable opportunity to bring into the lawsuit those persons to whom a timely sued defendant has attributed fault. This linking of a defendant's ability to shift fault to a nonparty with the plaintiff's ability to join that nonparty allows for the fair and efficient resolution of tort cases in a system of comparative fault. See McIntyre, 833 S.W.2d at 58.

Bearing this in mind, we note that a contrary holding in this case could lead to harsh results, particularly where the trial court improperly dismisses a defendant and denies leave

for an interlocutory appeal.[10] If a co-defendant then alleges fault against the dismissed party, the plaintiff is left with the unpalatable prospect of proceeding to a trial at which the co-defendant may attribute fault to an empty chair. Even if the improper dismissal is subsequently rectified on appeal, significant resources will have been wasted. Our holding today avoids this inefficiency by allowing the plaintiff to bring the dismissed defendant back into the suit within ninety days of the co-defendant's answer, effectively curing the trial court's improper dismissal.

In so holding, we reject as unpersuasive several arguments advanced by one or more Appellees. First, Appellees read Townes as holding that "application of Tenn. Code Ann. § 20-1-119 hinged on whether the Townes[es] had sought to amend their complaint to add *new* claims against Sunbeam," 50 S.W.3d at 454 (emphasis added), whereas here the Manns sought only to revive old claims. Indeed, the trial court premised its ruling, in part, on the admission by the Manns' counsel that "there are no new claims, they're the same that we had before." We have found no support for this proposition in Tennessee law, including Townes, which, quoted more fully, does not require plaintiffs to allege *different* facts and theories in an amended complaint:

> Since the Townes[es]' claims against Sunbeam had been dismissed, Sunbeam was no longer a party when the Townes[es] moved to file their third amended complaint on October 3, 1997. In this circumstance, the application of Tenn. Code Ann. § 20-1-119 hinged on whether the Townes[es] had sought to amend their complaint to add new claims against Sunbeam within (90) ninety days after Manchester identified Sunbeam as a party who caused or contributed to the Townes[es]' damages.

Id. To the extent that Townes could have been read as requiring plaintiffs to plead new facts and theories, such an interpretation is not consistent with our more recent decision in Austin, 222 S.W.3d at 356, where we applied section 20-1-119 to plaintiffs who made "the same allegations of negligence against the [later added] State that they previously made against [the original defendant] Fayette County."

Second, Appellees argue that Townes is distinguishable because the written order dismissing Sunbeam was a final judgment.[11] This fact is not evident from the Townes

---

[10] Nothing in this opinion precludes a dismissed defendant from seeking to make the order of dismissal final pursuant to Tennessee Rule of Civil Procedure 54.02.

[11] The October 17, 1997 order in Townes was submitted to this Court as an attachment to the brief of E.J. Cox. The mere attachment of a document to a party's brief does not render it part of the record on

opinion, however, and the order itself does not appear in the record of this appeal. In any event, this fact, if true, does not aid Appellees, because the Court of Appeals reasoned in Townes that Sunbeam ceased to be a "party to the suit" on September 26, 1997, when the trial court orally dismissed the claims against Sunbeam in the second amended complaint. Thus, the finality of the October 17, 1997 written order was immaterial to the decision in Townes.

Third, the trial court premised its ruling, in part, on the fact that the Callicutts, whose answer to the first amended complaint triggered section 20-1-119, were later dismissed from the suit: "Callicutt's now out. I don't think that gives the plaintiffs any right then to again sue the same people." We have found no authority to support this proposition. To the extent that Appellees rely on this reasoning of the trial court, we hereby reject it. A plaintiff's right to invoke section 20-1-119 does not depend upon whether the defendant whose answer triggered a ninety-day window remains a party to the suit. The plaintiff need only to have sued this defendant within the statute of limitations and filed within the ninety-day window an amended complaint naming the nonparty.

Fourth, Appellees argue that they remained parties to the suit, for purposes of section 20-1-119, because the Manns sought an interlocutory appeal of the dismissal of the first amended complaint before filing the second amended complaint.[12] The mere filing by the Manns of a motion for an interlocutory appeal did not somehow nullify the trial court's orders dismissing Appellees. For purposes of section 20-1-119, Appellees were not parties to the suit.[13]

Finally, Appellees alternatively contend that even if section 20-1-119 applies to final judgments, res judicata precludes the Manns from filing their second amended complaint, which raises the same issues against the same parties as the first amended complaint. Because the trial court's orders granting Appellees' dispositive motions as to the first amended complaint were indisputably *not* final judgments from a prior suit, however, we need not address this issue further. See State v. Thompson, 285 S.W.3d 840, 848 (Tenn. 2009) (noting that res judicata requires a final judgment from a prior suit).

---

appeal. Tenn. R. App. P. 24(a).

[12] Again, Appellees cite no authority for this argument apart from various Tennessee Rules of Appellate Procedure in which the word "party" appears. See, e.g., Tenn. R. App. P. 9(b) ("The party seeking an appeal . . . .").

[13] We reserve decision on whether the granting of a plaintiff's motion for an interlocutory appeal of an order dismissing a defendant would prevent the plaintiff from relying upon Tennessee Code Annotated section 20-1-119 to bring the dismissed defendant back into the lawsuit.

## Conclusion

We hold that "a person not a party to the suit," for purposes of Tennessee Code Annotated section 20-1-119, includes any defendant previously dismissed pursuant to a written, non-final order; thus, we reverse the judgment of the Court of Appeals upholding the trial court's dismissal of Appellees from this suit and remand to the trial court for further proceedings. Costs of this appeal are taxed to Nicholas and Zachary Beaver, Daniel Kelly, and John Condon, III, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, CHIEF JUSTICE