# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

## MICHAEL S. BECKER ET AL. V. FORD MOTOR COMPANY

**Rule 23 Certified Question of Law**
**United States District Court for the Eastern District of Tennessee**
**No. 1:13-cv-276-SKL     Susan K. Lee, Magistrate Judge**

---

**No. M2013-02546-SC-R23-CV**
**Filed March 7, 2014**

---

This appeal involves a question of law concerning the interpretation and application of Tenn. Code Ann. § 20-1-119 (2009) certified by the United States District Court for the Eastern District of Tennessee. Based on the undisputed facts, the District Court has asked this Court to determine whether, after a defendant asserts a comparative fault claim against a non-party tortfeasor who was known to the plaintiff when the original suit was filed, Tenn. Code Ann. § 20-1-119 permits the plaintiff to amend its complaint to assert a claim directly against the tortfeasor named by the defendant, even though the statute of limitations on that claim has expired. We hold that the application of Tenn. Code Ann. § 20-1-119 is not restricted to tortfeasors who were unknown to the plaintiff when its original complaint was filed. Therefore, Tenn. Code Ann. § 20-1-119 permits a plaintiff to file an amended complaint against the tortfeasor named by the defendant within ninety days after the filing of the answer or amended answer in which the defendant first asserts a comparative fault claim against the tortfeasor.

**Tenn. Sup. Ct. R. 23 Certified Question of Law**

WILLIAM C. KOCH, JR., J., delivered the opinion of the Court, in which GARY R. WADE, C.J., JANICE M. HOLDER, CORNELIA A. CLARK, and SHARON G. LEE, JJ., joined.

H. Franklin Chancey, Bert H. Bates, and B. Lynn Perry, Cleveland, Tennessee, for the petitioners, Michael S. Becker and Lorraine Becker.

J. Randolph Bibb, Jr., Robert F. Chapski, and Whitney Henry Kimerling, Nashville, Tennessee, for the respondent, Ford Motor Company.

## OPINION

## I.

On July 28, 2012, Michael S. Becker was injured when a Ford F150 truck driven by his son, Phillip Becker, left the road and struck a light pole at the intersection of East Third Street and Central Avenue in Chattanooga. Phillip Becker was uninjured, but Michael Becker, who was riding in the front passenger seat, sustained several fractures and a mid-thoracic spinal cord injury.

On July 24, 2013, Michael Becker and his wife, Lorraine Becker, filed suit against Ford Motor Company ("Ford") in the Circuit Court for Hamilton County, asserting products liability and breach of warranty claims. The Beckers' complaint stated that Phillip Becker was driving the truck when the accident occurred but did not assert a claim against him. On August 22, 2013, Ford filed a notice removing the case to the United States District Court for the Eastern District of Tennessee. Four days later, Ford filed its answer which, among other things, claimed that "the accident or incident that is the subject matter of th[is] [c]omplaint was caused or brought about by a person or persons . . . other than Ford." Ford identified Michael Becker, Lorraine Becker, Phillip Becker, and "known or unknown third parties" as the persons who caused or brought about the accident.

On October 1, 2013, the Beckers filed two motions: a motion to join Phillip Becker as a party to whom fault could be apportioned and a motion to file an amended complaint. Ford opposed these motions on the ground that the Beckers could not invoke Tenn. Code Ann. § 20-1-119 because the identity of their son and the role he played in the accident were known to them before the expiration of the original statute of limitations. In response to Ford's opposition to their motions, the Beckers requested the District Court to certify a question of law to this Court in accordance with Tenn. Sup. Ct. R. 23.

The United States District Court referred the Beckers' motions to a United States Magistrate Judge for a report and recommendation. The Magistrate Judge filed a report and recommendation on October 28, 2013. This report recommended that

> Plaintiffs' motion to join . . . be [denied] and Plaintiffs' motion
> to amend . . . be [denied] as futile. If, however, the Court
> decides to certify a question of law on this issue to the
> Tennessee Supreme Court, I also [recommend] that the Court
> provisionally [grant] Plaintiffs' motion to amend . . ., allowing
> Plaintiffs to add Phillip Becker as a defendant pending the

Tennessee Supreme Court's acceptance, if any, of a certified question and decision on this issue.

Thereafter, the parties consented to the Magistrate Judge conducting all further proceedings in the case. On November 13, 2013, the Magistrate Judge filed a certification order provisionally granting the Beckers' motions to join and to amend and certifying the following issue of law to this Court:

> When a plaintiff knows the identity of a potential tortfeasor at the time of the filing of plaintiff's original complaint and prior to the running of the applicable statute of limitations and the plaintiff chooses not to sue said known potential tortfeasor, can the plaintiff then later rely on the 90-day savings provision of Tenn. Code Ann. § 20-1-119 in order to add the previously known potential tortfeasor to the existing lawsuit after the defendant alleges comparative fault against the known potential tortfeasor notwithstanding the expiration of the statute of limitations?

On November 14, 2013, the Beckers filed an amended complaint in the District Court naming their son as a defendant and asserting that his negligence was the "approximate [sic] cause of the injuries sustained by the [p]laintiff[s] and complained for herein." This amended complaint was served on Phillip Becker on November 15, 2013.[1]

The Magistrate Judge's certification order was filed with this Court on November 18, 2013. The Beckers filed their brief on December 6, 2013, and Ford filed its brief on January 9, 2014.

## II.

Although well-settled in state courts, the proper application of Tenn. Code Ann. § 20-1-119 remains unresolved in the federal courts. In diversity cases, "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945). Accordingly, we accepted certification to resolve the federal courts' uncertainty surrounding Tenn. Code Ann. § 20-1-119.

---

[1]Phillip Becker, representing himself, filed an answer to his parents' amended complaint on December 4, 2013. He denied "any negligence in his operation of the motor vehicle involved in the accident" and asserted, as an affirmative defense, that his parents' damages were caused by their own negligence.

## A.

Over twenty years ago, this Court replaced the "outdated doctrine of contributory negligence"[2] with the doctrine of comparative fault when it decided *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992). Comparative fault, as the Court envisioned it, would (1) enable plaintiffs to recover fully for their injuries, (2) fairly allocate liability for the plaintiff's injuries among the persons at fault, (3) conserve judicial resources, and (4) avoid inconsistent judgments. *See Samuelson v. McMurtry*, 962 S.W.2d 473, 476 (Tenn. 1998). Since 1992, the Court has undertaken to mold and apply the comparative fault doctrine in a way that strikes the proper balance between an injured plaintiff's interest in being made whole and a defendant's interest in being held liable only for the damages for which it is responsible. *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 787 (Tenn. 2000). We have found this balance by recognizing the following four principles:

> (1) that when "the separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, all tortfeasors must be joined in the same action, unless joinder is specifically prohibited by law"; (2) that when "the separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, each tortfeasor will be liable only for that proportion of the damages attributed to its fault"; (3) that the goal of linking liability with fault is not furthered by a rule that allows a defendant's liability to be determined by the happenstance of the financial wherewithall of the other defendants; and (4) that the purpose of the comparative fault regime is to prevent fortuitously imposing a degree of liability that is out of all proportion to fault.

*Banks v. Elks Club Pride of Tenn. 1102*, 301 S.W.3d 214, 220 (Tenn. 2010) (footnotes omitted).

In addition to abandoning the doctrine of contributory negligence, the *McIntyre v. Balentine* decision altered the operation of the doctrine of joint and several liability as it had been traditionally understood. The Court noted that its effort to more closely link liability and fault could not be reconciled with joint and several liability which could "fortuitously impose a degree of liability that is out of all proportion to fault." *McIntyre v. Balentine*, 833 S.W.2d at 58. Thus, except for several well-defined circumstances, the doctrine of joint and

---

[2]*Turner v. Jordan*, 957 S.W.2d 815, 821 (Tenn. 1997).

several liability became obsolete. *Banks v. Elks Club Pride of Tenn. 1102*, 301 S.W.3d at 219.

Thus, the *McIntyre v. Balentine* decision created a new predicament for plaintiffs. The decision did not directly address the circumstance where a defendant, in its answer, asserts a comparative fault claim against a non-party after the statute of limitations has run on the plaintiff's claim against that non-party. In 1993, the General Assembly, responding to *McIntyre v. Balentine*, addressed this problem by enacting Tenn. Code Ann. § 20-1-119.[3] As amended, Tenn. Code Ann. § 20-1-119 provides:

> (a)    In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
>
> (1)    Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or
>
> (2)    Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).
>
> (b)    A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain

---

[3]*See* Act of May 13, 1993, ch. 407, 1993 Tenn. Pub. Acts 699. The General Assembly amended Tenn. Code Ann. § 20-1-119 in 1999 to clarify that the statute applied to suits involving governmental entities. *See* Act of May 27, 1999, ch. 485, 1999 Tenn. Pub. Acts 1198.

an action against a person when such an action is barred by an applicable statute of repose.

(c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

(d) Subsections (a) and (b) shall not apply to any civil action commenced pursuant to § 28-1-105, except an action originally commenced in general sessions court and subsequently recommenced in circuit or chancery court.

(e) This section shall not limit the right of any defendant to allege in an answer or amended answer that a person not a party to the suit caused or contributed to the injury for which the plaintiff seeks recovery.

(f) As used in this section, "person" means any individual or legal entity.

(g) Notwithstanding any law to the contrary, this section applies to suits involving governmental entities.

Consistent with the four core principles undergirding the comparative fault doctrine, the purpose of this statute was to provide a plaintiff "with a fair opportunity to bring before the [trial] court all persons who caused or contributed to the [plaintiff's] injuries." *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 50 (Tenn. 2012) (quoting *Townes v. Sunbeam Oster Co.*, 50 S.W.3d 446, 451 (Tenn. Ct. App. 2001)). It enables a plaintiff to amend its complaint to add any non-party, alleged by another defendant to have caused or contributed to the plaintiff's injury, even if the applicable statute of limitations would otherwise bar the plaintiff's claim against the non-party. *Jones v. Professional Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d 564, 567-68 (Tenn. 2006).

This Court has stated repeatedly that Tenn. Code Ann. § 20-1-119 should not be construed narrowly because it is an integral part of a comparative fault system that is built on the concepts of fairness and efficiency. *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d at 50; *Browder v. Morris*, 975 S.W.2d 308, 312 (Tenn. 1998). However, we have also pointed out that plaintiffs desiring to take advantage of Tenn. Code Ann. § 20-1-119(a)(1) must, within ninety days of the filing of the defendant's answer asserting a comparative fault claim against a non-party, (1) file a motion to amend their complaint, as well as an amended complaint, (2) obtain an order granting their motion to amend, and (3) issue process. *Jones v. Professional Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d at 570; *see also Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d at 47.

Following the enactment of Tenn. Code Ann. § 20-1-119, a question arose concerning whether a plaintiff should be permitted to invoke Tenn. Code Ann. § 20-1-119 to file an amended complaint naming as a defendant a third party that the plaintiff was aware of but did not name as a defendant in its original complaint. The first appellate court to address this issue was the United States Court of Appeals for the Sixth Circuit. Even though Tenn. Code Ann. § 20-1-119 had not yet been interpreted by Tennessee's appellate courts, the United States Court of Appeals elected not to certify the question to this Court in accordance with Tenn. Sup. Ct. R. 23.[4] Accordingly, in 1998, the United States Court of Appeals for the Sixth Circuit, assuming that the purpose of Tenn. Code Ann. § 20-1-119 was to prevent a defendant from "naming and attributing fault to a previously unknown responsible party," held that "[i]t is . . . plain that § 20-1-119 was not intended to apply to a plaintiff . . . who, long before the defendant's answer to the complaint, had knowledge that a third party may be at fault for the complained of injuries." *Whittlesey v. Cole*, 142 F.3d 340, 345 (6th Cir. 1998).

Approximately eight months later, the Western Section of the Court of Appeals adopted the United States Court of Appeals's interpretation of Tenn. Code Ann. § 20-1-119. *Lipscomb v. Doe*, No. 02A01-9711-CV-00293, 1998 WL 886601, at *4 (Tenn. Ct. App. Dec. 16, 1998). This Court granted the plaintiff's application for permission to appeal, but the majority opinion reversed the intermediate appellate court's decision without directly addressing the application of Tenn. Code Ann. § 20-1-119. *Lipscomb v. Doe*, 32 S.W.3d 840, 848-49 (Tenn. 2000). However, in a separate opinion, Justice Holder stated that the plaintiff was entitled to take advantage of Tenn. Code Ann. § 20-1-119 because "[n]othing in the statute requires that the party sought to be added be unknown at the time of the filing of the complaint." *Lipscomb v. Doe*, 32 S.W.3d at 851 (Holder, J., concurring and dissenting).

In 2001, the question regarding Tenn. Code Ann. § 20-1-119 resurfaced twice before the Court of Appeals. First, the Middle Section of the Court of Appeals, rejecting the reasoning of both *Whittlesey v. Cole* and the Court of Appeals opinion in *Lipscomb v. Doe*, held that Tenn. Code Ann. § 20-1-119 made "no reference to a plaintiff's diligence in discovering the identity of potentially liable parties" and, therefore, that "a plaintiff's knowledge of the existence of other persons who might be liable for the plaintiff's injuries is irrelevant [to the operation of Tenn. Code Ann. § 20-1-119]." *Townes v. Sunbeam Oster*

---

[4]Tenn. Sup. Ct. R. 23, § 1, which was adopted in 1989, explicitly permits the United States Court of Appeals to certify to this Court questions regarding the interpretation of state law when it appears that "there is no controlling precedent in the decisions of the Supreme Court of Tennessee." This procedure avoids a federal court's diminishment of state sovereignty by making state law. *Haley v. University of Tennessee-Knoxville*, 188 S.W.3d 518, 521 (Tenn. 2006).

*Co.*, 50 S.W.3d at 452-53. Approximately three months later, the Western Section of the Court of Appeals, while acknowledging *Townes v. Sunbeam Oster Co.*, adhered to its opinion in *Lipscomb v. Doe* adopting the United States Court of Appeals for the Sixth Circuit's interpretation of Tenn. Code Ann. § 20-1-119 in *Whittlesey v. Cole. McClendon v. Bunick*, No. E1999-02814-COA-R3-CV, 2001 WL 536614, at *4-6 (Tenn. Ct. App. May 21, 2001).

Applications for permission to appeal pursuant to Tenn. R. App. P. 11 were filed in both *Townes v. Sunbeam Oster Co.* and *McClendon v. Bunick*. On July 16, 2001, this Court entered an order denying the Tenn. R. App. P. 11 application in *Townes v. Sunbeam Oster Co.* and recommending, pursuant to Tenn. Sup. Ct. R. 4(D),[5] that the Court of Appeals opinion be published. In accordance with Tenn. Sup. Ct. R. 4(H)(2) (currently Rule 4(G)(2)), the publication of *Townes v. Sunbeam Oster Co.* rendered that opinion "controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction."

Two months later, this Court granted the Tenn. R. App. P. 11 application in *McClendon v. Bunick* and summarily remanded the case to the Court of Appeals for reconsideration in light of *Townes v. Sunbeam Oster Co. McClendon v. Bunick*, No. E1999-02814-SC-R11-CV (Tenn. Sept. 24, 2001). On December 28, 2001, the Court of Appeals filed a memorandum opinion adopting the reasoning in *Townes v. Sunbeam Oster Co.* and reversing the trial court's judgment and its earlier opinion. *McClendon v. Bunick*, No. E2001-02816-COA-RM-CV, 2001 WL 1660845 (Tenn. Ct. App. Dec. 28, 2001).

The combined effect of this Court's orders in *Townes v. Sunbeam Oster Co.* and *McClendon v. Bunick* established beyond peradventure that the holding of *Townes v. Sunbeam Oster Co.* is the controlling authority in Tennessee with regard to the interpretation of Tenn. Code Ann. § 20-1-119. At no time during the intervening thirteen years has a state court of competent jurisdiction reversed or modified the holding in *Townes*. To the contrary, Tennessee courts have continued to follow *Townes* and to cite it with approval. *See, e.g.*, *Austin v. State*, 222 S.W.3d 354, 357 (Tenn. 2007). Nevertheless, in 2007, the United States Court of Appeals for the Sixth Circuit continued to adhere to its *Whittlesey v. Cole* decision. *Schultz v. Davis*, 495 F.3d 289, 294-95 (6th Cir. 2007).[6]

---

[5]At the time, Tenn. Sup. Ct. R. 4(D) stated: "If an application for permission to appeal is filed and denied with the recommendation that the intermediate appellate court opinion be published, the author of the intermediate appellate court opinion shall ensure that the opinion is published in the official reporter."

[6]The Sixth Circuit in *Schultz v. Davis* went so far as to state that "the Tennessee Supreme Court has been clear that this savings statute applies only when the new defendant is discovered in the answer *after* the statute of limitations has run." *Schultz v. Davis*, 495 F.3d at 294. Accordingly, the Sixth Circuit again

(continued...)

-8-

**B.**

Based upon the long-established allocation of adjudicatory power between the state courts and the federal courts, this Court is the final arbiter of the meaning of Tennessee law. Our decisions on matters of state law are final and conclusive. *See Barger v. Brock*, 535 S.W.2d 337, 340 (Tenn. 1976); *Memphis St. Ry. Co. v. Byrne*, 119 Tenn. 278, 320, 104 S.W. 460, 470 (1907). Accordingly, as we did in 2001 when we recommended the publication of the Court of Appeals's decision in *Townes v. Sunbeam Oster Co.*, we find that a plaintiff's ability to utilize Tenn. Code Ann. § 20-1-119 to amend its complaint to assert a claim against a non-party against whom a defendant has asserted a comparative fault claim or to file a separate new complaint against such a non-party does not depend on whether the non-party was either known or unknown to the plaintiff when its original complaint was filed. As Justice Holder stated fourteen years ago, "[n]othing in the statute requires that the party sought to be added be unknown at the time of the filing of the complaint." *Lipscomb v. Doe*, 32 S.W.3d at 851 (Holder, J., concurring and dissenting).

**III.**

Having determined that the interpretation of Tenn. Code Ann. § 20-1-119 in *Townes v. Sunbeam Oster Co.* is "controlling authority for all purposes," Tenn. Sup. Ct. R. 4(G)(2), we answer the certified question as follows: a plaintiff may rely on the ninety-day savings provision in Tenn. Code Ann. § 20-1-119 in order to add a previously known potential non-party tortfeasor to an existing lawsuit even when the plaintiff knew the identity of the potential tortfeasor at the time of the filing of the plaintiff's original complaint but chose not to sue the potential tortfeasor. The costs of this proceeding are taxed to Ford Motor Company for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUSTICE

---

[6](...continued)
rejected the notion that Tenn. Code Ann. § 20-1-119 applies to any tortfeasor identified in the defendant's answer, regardless of whether that tortfeasor was known or unknown to the plaintiff before the statute of limitations expired. As the foregoing discussion illustrates, the Sixth Circuit's view is incorrect. Equally unconvincing are Ford's arguments that the statute exists to remedy the unfairness that occurs when a defendant identifies an unknown tortfeasor after the statute of limitations has expired and that construing the statute to cover any comparatively negligent party named in the answer disregards the limited purpose served by the statute. Accepting Ford's argument would require us to read a requirement into the statute that is simply not there.

# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

### MICHAEL S. BECKER ET AL. V. FORD MOTOR COMPANY

**Rule 23 Certified Question of Law
from the United States District Court
for the Eastern District of Tennessee
No. 1:13-cv-276-SKL**

**No. M2013-02546-SC-R23-CV
Filed March 7, 2014**

### ORDER

Pursuant to Tenn. Sup. Ct. R. 23, a certified order was filed in this Court on November 18, 2013, by the United States District Court for the Eastern District of Tennessee. Briefs have now been filed pursuant to Section 7, and, upon consideration of the certification order and the briefs filed by the parties, this Court accepts certification of the following question of law:

> When a plaintiff knows the identity of a potential tortfeasor at the time of the filing of plaintiff's original complaint and prior to the running of the applicable statute of limitations and the plaintiff chooses not to sue said known potential tortfeasor, can the plaintiff then later rely on the 90-day savings provision of Tenn. Code Ann. § 20-1-119 in order to add the previously known potential tortfeasor to the existing lawsuit after the defendant alleges comparative fault against the known potential tortfeasor notwithstanding the expiration of the statute of limitations?

Review shall be limited to the briefs on file.

PER CURIAM