IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2015 Session

**RICHARD MORENO v. CITY OF CLARKSVILLE**

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Montgomery County**
**No. MCCCCVOD122906     Ross H. Hicks, Judge**

_____

**No. M2013-01465-SC-R11-CV – Filed September 18, 2015**
_____

GARY R. WADE, J., dissenting.

As early as 1799, the Superior Court of Law and Equity of Tennessee adopted the principle that the courts of this state should interpret the law in a manner that elevates "the justice of the case" over "technical formality." Glasgow's Lessee v. Smith, 1 Tenn. (1 Overt.) 144, 151 (1799). It is equally well established that "Tennessee law strongly favors the resolution of all disputes on their merits," and that remedial statutes must "be given a broad and liberal construction in order to achieve this goal." Henley v. Cobb, 916 S.W.2d 915, 916 (Tenn. 1996). This case involves a claim brought pursuant to the Claims Commission Act and hinges on the construction of Tennessee Code Annotated section 20-1-119, a remedial statute intended to provide plaintiffs with a fair opportunity to add a non-party when a defendant alleges that the non-party was comparatively at fault for a plaintiff's injury. Becker v. Ford Motor Co., 431 S.W.3d 588, 592 (Tenn. 2014). The majority has concluded that in this instance Richard Moreno (the "Plaintiff") cannot invoke section 20-1-119 because it applies only when the defendant alleging comparative fault is named in a pleading described as a "complaint" rather than a "notice of claim," the latter being the statutory term used to describe the pleading that commences an action under the Claims Commission Act. In my view, the majority's interpretation of section 20-1-119 is contrary to the plain meaning of the statute, elevates form over substance, and violates the principle that claims should be decided on the merits whenever possible. I must, therefore, respectfully dissent.

Section 20-1-119 provides as follows:

(a) In civil actions where comparative fault is or becomes an issue, **if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations**, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or

amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault . . . :

. . . .

(2) Institute a separate action against that person by filing a summons and complaint.

(Emphasis added.) The determinative question is how this statute should work in combination with the Claims Commission Act, Tenn. Code Ann. §§ 9-8-301 to -408, and the procedural rules promulgated by the Claims Commission, Tenn. Comp. R. & Regs. 0310-01-.01 to -.05.

Under the Claims Commission Act, the first step is for the plaintiff to file a "written notice of [the] claim" in the State Treasury Department's Division of Claims Administration, Tenn. Code Ann. § 9-8-402(a)(1), which commences the suit for purposes of the statute of limitations, Tenn. Comp. R. & Regs. 0310-01-.01(2)(b) ("[A]ctions are commenced by filing a written notice of claim . . . with the Division of Claims Administration."). If the Division of Claims Administration denies the claim, the plaintiff can appeal to the Claims Commission. Tenn. Code Ann. § 9-8-402(c). If the Division of Claims Administration "fails to honor or deny the claim" within ninety days, it "shall automatically transfer the claim" to the Claims Commission. Id. Upon transfer, the plaintiff must file a formal complaint, which serves to translate the prior notice of claim into a pleading that complies with the Tennessee Rules of Civil Procedure. See Tenn. Comp. R. & Regs. 0310-01-.01(2)(d)(3). The State must then file an answer, as in a typical civil action.

In this instance, the Plaintiff complied with every step of this procedure. On December 24, 2009, the Plaintiff was driving in Clarksville when a tree located on state property fell on his car, resulting in serious injuries. The Plaintiff timely initiated his suit against the State on December 17, 2010, by filing a "notice of claim" in the Division of Claims Administration. Through no apparent fault of the Plaintiff, the Division of Claims Administration failed to take any action. As a result, on March 17, 2011, the claim was transferred to the Claims Commission by operation of Tennessee Code Annotated section 9-8-402(c). On April 14, 2011, the Plaintiff filed the requisite formal complaint with the

Claims Commission. The State filed an answer on May 18, 2011. Sixteen months later, the State amended its answer, alleging for the first time that the City of Clarksville (the "City") was comparatively at fault because the City's water run-off had eroded the ground around the tree that fell onto the Plaintiff's car.

Relying upon the ninety-day window to sue comparative tortfeasors provided by Tennessee Code Annotated section 20-1-119(a)(2), the Plaintiff asserted a claim against the City in chancery court. The City moved to dismiss, arguing that section 20-1-119(a) cannot apply here because the defendant who alleged comparative fault (the State), although named in a timely notice of claim, was not named in a "complaint" filed within the statute of limitations. The trial court granted the motion. Our Court of Appeals reversed, "look[ing] past form to substance" and holding that a plaintiff is entitled to proceed against a comparative tortfeasor pursuant to section 20-1-119(a)(2) so long as "[t]he notice of claim was filed within the applicable one-year statute of limitations." Moreno v. City of Clarksville, No. M2013-01465-COA-R3-CV, 2014 WL 791935, at *3 (Tenn. Ct. App. Feb. 25, 2014). By reinstating the judgment of the trial court, the majority has concluded that the Plaintiff is not entitled to assert a claim against the City pursuant to section 20-1-119(a)(2) because the State was not named in an "original complaint" that was "filed within the statute of limitations." I disagree.

When construing statutes, our primary goal is to give effect to the intent of the General Assembly, as expressed by the plain meaning of the statutory terms. Eastman Chem. Co. v. Johnson, 151 S.W.3d 503, 507 (Tenn. 2004). The plain meaning of the term "complaint" is "[t]he **initial pleading that starts a civil action** and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." *Complaint*, Black's Law Dictionary (10th ed. 2014) (emphasis added). The "notice of claim" required by the Claims Commission Act meets this definition. It is the initial pleading that starts the action. Tenn. Comp. R. & Regs. 0310-01-.01(2)(b). It must identify the "state entity that allegedly caused the injury," Tenn. Code Ann. § 9-8-402(a)(2), thereby establishing jurisdiction, see id. § 9-8-307(a)(1)(C) (providing that jurisdiction under the Claims Commission Act extends to various actions against the State, including those "based on . . . [n]egligently created or maintained dangerous conditions on state controlled real property"). The notice of claim also must state the "circumstances upon which the claim is based," including "the nature of the claimant's injury." Id. § 9-8-402(a)(2). In short, the notice of claim described in the Claims Commission Act meets the traditional criteria for a "complaint."

The language surrounding the term "complaint" in section 20-1-119(a) further supports the Plaintiff's position. In particular, the statute provides that a plaintiff may sue any non-party named as a comparative tortfeasor by "a defendant named in an original

complaint **initiating a suit**." (Emphasis added.) The critical question, therefore, is whether the defendant alleging comparative fault was named in the pleading that **initiated the suit**. Pursuant to Tennessee Rule of Civil Procedure 3, ordinary "civil actions are commenced by filing a complaint." In a case governed by the Claims Commission Act, "Rule 3 is not followed" and "actions are commenced by filing a written notice of claim." Tenn. Comp. R. & Regs. 0310-01-.01(2)(b).

Further, as the facts here illustrate, the majority's interpretation of section 20-1-119(a) is patently hyper-technical. The Plaintiff has been diligent throughout this action. Notwithstanding the Plaintiff's compliance with every applicable procedure, the majority has concluded that he has no right to sue the City as a comparative tortfeasor. This conclusion is based solely upon the fact that section 20-1-119(a) uses the term "original complaint," whereas the Claims Commission Act refers to the pleading that commences the action as a "notice of claim." The majority acknowledges that the purpose of section 20-1-119(a) is "to provide a plaintiff 'with a **fair opportunity** to bring before the [trial] court all persons who caused or contributed to the [plaintiff's] injuries,'" Becker, 431 S.W.3d at 592 (alterations in original) (emphasis added) (quoting Mann v. Alpha Tau Omega Fraternity, 380 S.W.3d 42, 50 (Tenn. 2012)), and yet fails to construe section 20-1-119 so as "to effectuate its remedial purpose." Mann, 380 S.W.3d at 50.

Furthermore, every case relied upon by the majority is distinguishable. For example, in Grindstaff v. Bowman, our Court of Appeals held that the plaintiff could not proceed against a comparative tortfeasor under section 20-1-119(a) because the defendant had alleged comparative fault in a "letter to the plaintiff's attorney," whereas the statute requires an allegation of comparative fault in an "answer or amended answer." No. E2007-00135-COA-R3-CV, 2008 WL 2219274, at *4 (Tenn. Ct. App. May 29, 2008) (emphasis omitted) (quoting Tenn. Code Ann. § 20-1-119(a)). Our Court of Appeals has similarly held that section 20-1-119(a) is not available when a defendant alleges fault in a discovery response instead of its answer because "a discovery response simply is not the same thing as an answer." Shaffer v. Memphis Airport Auth., Serv. Mgmt. Sys., No. W2012-00237-COA-R9-CV, 2013 WL 209309, at *8 (Tenn. Ct. App. Jan. 18, 2013) (citation omitted); see also Mills v. Fulmarque, Inc., 360 S.W.3d 362, 370 (Tenn. 2012) (concluding that the term "statute of limitations" is not equivalent to the ninety-day window in section 20-1-119(a)). What makes this case different is that the "notice of claim" described in the Claims Commission Act is the functional equivalent of an "original complaint initiating a suit." Tenn. Code Ann. § 20-1-119(a).

There is nothing "forced" or "unnatural" about concluding that the notice of claim, which commences the action and sets out the basis for the plaintiff's claim, qualifies as the "original complaint initiating a suit" for purposes of section 20-1-119(a). It is far more

"unnatural," in my opinion, to conclude that only the formal complaint filed with the Claims Commission qualifies as the "original complaint initiating a suit" when the formal complaint does **not** initiate the suit.  Similarly, it makes no sense to focus on whether the formal complaint was "filed within the applicable statute of limitations," id., because it is the notice of claim, not the formal complaint, that determines whether the statute of limitations has been satisfied, Tenn. Comp. R. & Regs. 0310-01-.01(2)(b).

In summary, both the plain meaning and the purpose of section 20-1-119 support the conclusion that a plaintiff who has filed a timely notice of claim should be allowed to proceed against a comparative tortfeasor named in the State's answer.  The Court of Appeals properly resolved this appeal by "look[ing] past form to substance."  Moreno, 2014 WL 791935, at *3.  This claim should be resolved on its merits.  See Henry v. Goins, 104 S.W.3d 475, 481 (Tenn. 2003); Henley, 916 S.W.2d at 916.

_____
GARY R. WADE, JUSTICE

- 5 -