IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2017 Session

## MARY L. SCALES V. H.G. HILL REALTY CO., LLC, ET AL.

Appeal from the Circuit Court for Davidson County
No. 14C5154     Kelvin D. Jones, Judge

_____

### No. M2017-00906-COA-R3-CV

_____

A customer slipped and fell at a grocery store and sued four different entities that owned and/or operated the store. When two of the defendants filed a motion to compel the plaintiff to respond to discovery responses, the plaintiff voluntarily dismissed these defendants from the action. Then, in response to an answer to an amended complaint in which another defendant asserted the comparative fault of the dismissed defendants, the plaintiff filed a second amended complaint adding the dismissed defendants back in as named defendants pursuant to Tenn. Code Ann. § 20-1-119. The newly added defendants filed a motion to dismiss, which the trial court granted. The plaintiff appealed, and we reverse the trial court's judgment. We hold that the statute permitted the plaintiff to add the formerly dismissed defendants back into the lawsuit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

H. Anthony Duncan, Nashville, Tennessee, for the appellant, Mary L. Scales.

Behnaz Sulkowski and Julie Bhattacharya Peak, Brentwood, Tennessee, for the appellees, H.G. Hill Realty Co., LLC and Hill Center at Belle Meade, LLC.

## OPINION

This case involves the interpretation of Tenn. Code Ann. § 20-1-119 and its application to H.G. Hill Realty Co., LLC and Hill Center at Belle Meade, LLC (together, "the Hill Defendants"), entities that were initially named as defendants, then dismissed voluntarily, and finally added back to the lawsuit as defendants. The trial court

concluded that the statute did not permit the plaintiff to add the Hill Defendants back in as comparative tortfeasors, which we believe was error.

According to the complaint she filed on December 4, 2014, Mary L. Scales slipped and fell on February 19, 2014, at a Publix supermarket located on Harding Pike in Nashville, Tennessee. Ms. Scales asserted that a Publix employee was pushing a shopping cart containing her groceries out of an elevator and into the parking garage when she slipped on an unsecured mat that was on the ground right outside the elevator and fell, sustaining injuries. Ms. Scales alleged that the shopping cart as well as the unsecured mat caused her to trip. She was taken by ambulance to a nearby hospital where she was treated for a head injury. Ms. Scales asserted claims for ordinary negligence, premises liability, and negligence per se against Publix Super Markets, Inc. and Publix Tennessee, LLC (together, "Publix") and claims for premises liability and negligence per se against the Hill Defendants.

Publix filed an answer on January 8, 2015, in which it asserted, *inter alia*, "the comparative fault of or attributable to the co-defendants as an affirmative defense." The Hill Defendants filed an answer on January 15, 2015, in which they asserted as an affirmative defense the comparative fault of Publix. The Hill Defendants served discovery upon Ms. Scales in January and filed a motion to compel her to respond to the discovery in April 2015. Ms. Scales then filed a notice of voluntary dismissal without prejudice of the Hill Defendants and Publix Super Markets, Inc. The trial court issued an order granting the voluntary dismissal of these defendants without prejudice on May 29, 2015.

Ms. Scales sought leave to file an amended complaint on August 15, 2016, to "clean things up a little" by clarifying that only one defendant remained in the lawsuit, Publix Tennessee, LLC. The trial court granted Ms. Scales' motion, and Ms. Scales filed her amended complaint on September 26, 2016. Publix filed its answer to the amended complaint on September 30, 2016, and, as before, Publix asserted as an affirmative defense the comparative fault of the Hill Defendants.

Ms. Scales then filed a second amended complaint on October 5, 2016, in which she named as defendants Publix Tennessee, LLC and the Hill Defendants. Ms. Scales specified in this complaint that the Hill Defendants were "being made parties to this civil action pursuant to Tenn. Code Ann. § 20-1-119" based on allegations Publix made in its answer to her amended complaint asserting the comparative fault of the Hill Defendants. A summons was issued to each of the Hill Defendants on October 5, 2016. Publix and the Hill Defendants filed answers to the second amended complaint. The Hill Defendants then filed a motion to dismiss the second amended complaint in January 2017.

The basis of the Hill Defendants' motion to dismiss was that Ms. Scales' second amended complaint was barred by the one-year statute of limitations and her failure to

satisfy the requirements of Tenn. Code Ann. § 20-1-119. Tennessee Code Annotated section 20-1-119 provides, in pertinent part, as follows:

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

Following a hearing, the trial court agreed with the Hill Defendants and granted their motion to dismiss Ms. Scales' second amended complaint. The trial court wrote:

1) There was a pending allegation of comparative fault against H.G. Hill Defendants by the Publix Defendants at the time the Plaintiff non-suited them on May 21, 2015 and the entry of the order of dismissal on May 29, 2015.

2) The Publix Defendants entities are a defendant that was sued within the applicable statute of limitations and first alleged fault against the H.G. Hills entities in its original Answer filed on January 8, 2015.

3

3) The parties do not contest that H.G. Hill Realty Company, LLC and Hill Center at Belle Meade, LLC became non-parties for purposes of Tenn. Code Ann. § 20-1-119 on May 29, 2015.

4) This Court concludes that both prongs of Tenn. Code Ann. § 20-1-119 were met on May 29, 2015. Therefore, Plaintiff had ninety (90) days from May 29, 2015, in which to file an Amended Complaint and have process issued against the H.G. Hill Defendants in order to rely on the savings provisions of Tenn. Code. Ann. § 20-1-119. The Plaintiff's Complaint filed on October 5, 2016, was untimely. Therefore, the claims against H.G. Hill Realty Company, LLC and Hill Center at Belle Meade, LLC are barred as a matter of law.

Ms. Scales appeals the trial court's judgment dismissing the Hill Defendants from her second amended complaint. She contends the Hill Defendants were properly added as party-defendants pursuant to Tenn. Code Ann. § 20-1-119.

ANALYSIS

A motion to dismiss based on Tenn. R. Civ. P. 12.02(6) challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's case. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). The motion is resolved based on the pleadings alone. *Webb*, 346 S.W.3d at 426 (citing *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010)). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Id.* (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)). When ruling on a motion to dismiss, courts are to "'construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). A motion to dismiss should be granted "'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Id.* (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)). We review a trial court's decision granting a motion to dismiss de novo, affording the trial court's decision no presumption of correctness. *Id.*; *Brown*, 328 S.W.3d at 855. This case involves statutory construction, which we also review de novo. *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012); *Austin v. State*, 222 S.W.3d 354, 357 (Tenn. 2007).

The only issue is whether Ms. Scales properly added the Hill Defendants to the second amended complaint filed on October 5, 2016, pursuant to the savings statute

4

found at Tenn. Code Ann. § 20-1-119.[1]  The Hill Defendants concede that Publix was sued within the applicable statute of limitations and that when Publix first alleged fault against them in its original answer filed in January 2015, the Hill Defendants were still parties.  When Ms. Scales dismissed the Hill Defendants from her complaint on May 29, 2015, however, the Hill Defendants argue they became non-parties for purposes of Tenn. Code Ann. § 20-1-119 and that the 90-day period within which Ms. Scales could file an amended complaint adding the Hill Defendants back into the action began at that point.

Ms. Scales argues that the 90-day window did not begin to run until September 30, 2016, when Publix filed its answer to her second amended complaint, because that was the first time fault was asserted against the Hill Defendants, as non-parties, in an answer filed after the statute of limitations had expired.  According to Ms. Scales, the 90-day window of § 20-1-119 can only be triggered by the filing of an answer by a defendant sued within the statute of limitations that alleges fault against a non-party after the statute of limitations has run.

When interpreting a statute, courts strive to give full effect to the legislature's purpose without exceeding its "intended scope."  *Friedmann v. Marshall Cnty*, 471 S.W.3d 427, 433 (Tenn. Ct. App. 2015) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010)); *see also Austin*, 222 S.W.3d at 357 (citing *State v. Flemming,* 19 S.W.3d 195, 197 (Tenn. 2000)).  "'We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning.'" *Austin*, 222 S.W.3d at 357 (quoting *Flemming*, 19 S.W.3d at 197).  When the language used is clear and unambiguous, courts do not look beyond the text of the statute to determine its meaning.  *Friedmann*, 471 S.W.3d at 433.

The Tennessee Supreme Court has written that the purpose of § 20-1-119 is "'to provide an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries,'" *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 50 (Tenn. 2012) (quoting *Townes v. Sunbeam Oster Co., Inc.*, 50 S.W.3d 446, 451 (Tenn. Ct. App. 2001)), and it has instructed that the statute "must be construed liberally to effectuate its remedial purpose."  *Id*; *see also Townes*, 50 S.W.3d at 451 (opining that statute "is remedial and should be construed liberally").

Section 20-1-119 is not ambiguous, so we will not review its legislative history in our interpretation of it.  *Queen's Tree Surgery, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2003-00228-COA-R3-CV, 2003 WL 22768689, at *2 (Tenn. Ct. App. Nov. 24, 2003); *Townes*, 50 S.W.3d at 453 n.6.  A plain reading of the statute indicates that a plaintiff is permitted to assert a claim against a person not already a party to the complaint within 90 days if (1) a defendant is named in an original or amended

---

[1]Ms. Scales is not relying on the one-year savings statute found in Tenn. Code Ann. § 28-1-105.

complaint within the applicable statute of limitations, (2) that defendant alleges in an answer or amended answer that a person not a party to the suit caused or contributed to the injury at issue, and (3) the plaintiff's cause(s) of action against that person would be barred by the applicable statute of limitations were it not for the statute. Tenn. Code Ann. § 20-1-119. The 90-day period runs from the time the defendant alleges in the answer or amended answer that the person so described caused or contributed to the injury at issue. *Id.*

The *Townes* court found that the statute does not require a plaintiff to be diligent about discovering the identities of all potentially liable persons in order to rely on this statute and that "a plaintiff's knowledge of the existence of other persons who might be liable for the plaintiff's injuries is irrelevant." *Townes*, 50 S.W.3d at 452-53. The *Mann* Court explained that "[a] person not a party to the suit," as that phrase is used in the statute, "includes any defendant previously dismissed" from the lawsuit. *Mann*, 380 S.W.3d at 52. Thus, the fact that Ms. Scales dismissed the Hill Defendants from the action in May 2015 does not affect her ability to bring them back in as defendants in October 2016 so long as the requirements of the statute are satisfied.

A person who was formerly a named defendant ceases to be "a party to the suit" when the trial court issues an order dismissing the person from the action. *See Mann*, 380 S.W.3d at 50 (stating that named defendant ceases to be "a party to the suit" for purposes of § 20-1-119 when trial court issues order dismissing defendant from action). The *Mann* Court rejected the defendants' argument that a plaintiff must assert new claims against a defendant who was dismissed before the plaintiff filed an amended complaint to bring the defendant back in. *Id.* at 51. The Court found that Tennessee law "does not require plaintiffs to allege *different* facts and theories in an amended complaint." *Id.*

The Hill Defendants cite the case *McCullough v. Johnson City Emergency Physicians, P.C.*, 106 S.W.3d 36 (Tenn. Ct. App. 2002), as support for their argument that Ms. Scales is not entitled to rely on Tenn. Code Ann. § 20-1-119 to include them as comparative tortfeasors in her third amended complaint. In *McCullough*, Dr. Wyche and Wyche & Wyche identified Cardiology Consultants as the sole or contributing tortfeasor in their answer to the plaintiffs' second amended complaint. *McCullough*, 106 S.W.3d at 46. Cardiology Consultants was a party to the action when this allegation was made. *Id.* Cardiology Consultants did not become a non-party until the trial court granted its motion for summary judgment, which occurred a few weeks after Dr. Wyche and Wyche & Wyche asserted Cardiology Consultants' liability. *Id.* at 46. By the time Dr. Wyche and Wyche & Wyche identified Cardiology Consultants as a tortfeasor, however, the statute of limitations had expired on the plaintiffs' claims against Cardiology Consultants. *Id.* at 41. The *McCullough* court found that the 90-day period set forth in the statute began running once it granted Cardiology Consultants' motion for summary judgment, rendering Cardiology Consultants a non-party. *Id.*

6

Relying on *McCullough*, the Hill Defendants argue that Publix initially identified them as comparative tortfeasors in its first amended complaint, filed on January 8, 2015. The Hill Defendants were party defendants at that point, and they did not become non-parties until the trial court entered an order on May 29, 2015, granting Ms. Scales' voluntary dismissal. At that point, according to the Hill Defendants, the statute's requirements were satisfied and Ms. Scales had ninety days in which to amend her complaint to add the Hill Defendants back in as parties. Because Ms. Scales did not file an amended complaint bringing the Hill Defendants back in as defendants until October 5, 2016, which is more than 90 days after May 29, 2016, the Hill Defendants contend Ms. Scales was unable to rely on the statute to bring them back into the lawsuit.

We disagree with the Hill Defendants' position. Unlike the case in *McCullough,* when Publix first alleged the comparative fault of the Hill Defendants, Ms. Scales' cause of action against the Hill Defendants was not barred by the applicable statute of limitations "but for the operation of this section." Tenn. Code Ann. § 20-1-119. Publix first asserted the Hill Defendants' liability on January 8, 2015. According to Ms. Scales' complaint, she fell on February 19, 2014. Pursuant to the one-year statute of limitations applicable to her personal injury claims, Tenn. Code Ann. § 28-3-104(a)(1)(A), Ms. Scales' cause of action against the Hill Defendants was still viable when Publix identified the Hill Defendants as comparative tortfeasors on January 8, 2015.

The first time Publix identified the Hill Defendants as tortfeasors when they were not parties to the suit and when the statute of limitations against them had run was when Publix filed its answer to Ms. Scales' amended complaint on September 30, 2016. From this date, Ms. Scales had 90 days under the statute in which to file another complaint naming the Hill Defendants as parties to the complaint. *See Doyle v. Frost*, 49 S.W.3d 853, 859 (Tenn. 2001) (stating Tenn. Code Ann. § 20-1-199 "applies in comparative fault cases when a plaintiff has sued a defendant and the defendant alleges, after the statute of limitations has expired, that a non-party caused or contributed to the plaintiff's injury."); *see also McNabb v. Highways, Inc.*, 98 S.W.3d 649, 654 (Tenn. 2003) (providing statute applies to tortfeasor defendant identified in answer after statute of limitations against tortfeasor has run). Ms. Scales filed her second amended complaint on October 5, 2016, which was within this 90-day window. Thus, we hold that Ms. Scales satisfied the requirements of Tenn. Code Ann. § 20-1-119 and that the trial court erred by granting the Hill Defendants' motion to dismiss the complaint.[2]

In *Queen's Tree Surgery, Inc. v. Metropolitan Government of Nashville and Davidson County*, the defendant argued that "it is a perversion of the statute to permit a

---

[2]We note that Ms. Scales will not be able to continue dropping and adding the Hill Defendants to her complaint indefinitely. *See* Tenn. Code App. § 20-1-119(b) (cause of action brought within 90 days pursuant to section (a) "shall not extend any applicable statute of repose . . . ."); Tenn. R. Civ. P. 41.01(2) ("[A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim.").

plaintiff to non-suit a defendant for the singular purpose of refiling under the statute." *Queen's Tree Surgery*, 2003 WL 22768689, at *2. This court disagreed, noting that "plaintiff merely availed itself of all possible remedies available within the law through skillful and diligent representation." *Id.* The same can be said here.

CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal shall be assessed against the appellees, Hill Realty Company, LLC and Hill Center at Belle Meade, LLC.

_____
ANDY D. BENNETT, JUDGE