# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 28, 2018 Session

## E SOLUTIONS FOR BUILDINGS, LLC v. KNESTRICK CONTRACTOR, INC., ET AL.

### Direct Appeal from the Chancery Court for Davidson County
#### No. 15-62-IV      Russell T. Perkins, Chancellor

---

### No. M2017-00732-COA-R3-CV

---

This appeal involves a construction contract dispute among a general contractor, a subcontractor, and the subcontractor's equipment supplier regarding liability for construction project delays.  After a four-day bench trial, the trial court resolved most of the substantive issues among the parties and ultimately determined that the prevailing parties were entitled to awards of attorney's fees pursuant to various contractual provisions.  However, the trial court did not make the awards of attorney's fees *at that time* because the parties had not submitted sworn itemizations of services rendered.  As a result, the trial court directed the parties to renew their requests for attorney's fees after any appeals were exhausted.  The requests for attorney's fees were granted in part and denied in part "without prejudice."  Due to the outstanding unresolved issues regarding the attorney's fee awards, we conclude that the appeal must be dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Paul Toby Housch, Nashville, Tennessee, for the appellant, Air Comfort Heating and Cooling, LLC.

Timothy Howland Nichols, Nashville, Tennessee, for the appellee, E Solutions for Buildings, LLC.

Adam Grant LaFevor and Amy Wood Malone, Nashville, Tennessee, for the appellee, Knestrick Contractor, Inc., and Berkley Regional Insurance Company.

# OPINION

## I. FACTS & PROCEDURAL HISTORY

This litigation involves the construction of the Centennial Sportsplex Indoor Fitness Expansion Building by the Metropolitan Government of Nashville and Davidson County and its Parks Department. In April 2013, Knestrick Contractor Inc. entered into a construction contract with Metro as general contractor for construction of the building. In conjunction with the project, Knestrick, as principal, and Berkley Regional Insurance Company, as surety, provided a payment bond for the project.

On July 1, 2013, Knestrick entered into a subcontract with Air Comfort Heating and Cooling, LLC, to furnish the labor and equipment necessary to install the HVAC system at the project. In November 2013, Air Comfort submitted a purchase order to E Solutions for Buildings, LLC, for the necessary HVAC equipment. All of the parties subsequently attended a meeting at which some of the equipment choices were modified. Eventually, the equipment for the project was furnished by E Solutions and installed by Air Comfort. However, because the project was delayed, Metro assessed liquidated damages against Knestrick, the general contractor. Knestrick assessed liquidated damages against Air Comfort, the subcontractor, and, as a result, Air Comfort withheld final payment to E Solutions for its failure to deliver the HVAC equipment timely.

E Solutions filed this lawsuit against Knestrick, Air Comfort, and Berkley Regional Insurance Company as surety on the bond. Air Comfort filed a counterclaim against E Solutions and a cross-claim against Knestrick and Berkley. Knestrick and Berkley filed a cross-claim against Air Comfort. All of the parties sought to recover their attorney's fees.

After a four-day bench trial, the trial court awarded E Solutions a judgment against Air Comfort for breach of contract, although not for the full amount it requested. The trial court also found that Air Comfort was entitled to a judgment against Knestrick for breach of contract, but not for the full amount it requested. The trial court dismissed the various other claims asserted. The order stated that "determination of liability for, and the amount of, attorneys' fees, expenses and/or discretionary costs under Tenn. R. Civ. P. 54.04 to which any party is entitled to recover should await the outcome of any appeal in this case." Accordingly, the court expressly reserved any determination about attorney's fees, expenses, and discretionary costs until all appeals were concluded.

After entry of the order, E Solutions filed a motion to alter or amend and asked the court to make a definitive award of attorney's fees. Thereafter, all of the other parties likewise filed motions asking the court to resolve the issues of discretionary costs and

2

attorney's fees. The parties asserted that judicial economy would support resolution of these outstanding issues so that they could be addressed on appeal alongside the other issues and in order to avoid the possibility of multiple appeals. Each of the parties also filed responses opposing the other parties' requests for attorney's fees.

After two hearings, the trial court entered an order resolving the post-trial motions. The trial court noted that its original order held in abeyance the issues involving attorney's fees and similar matters pending the outcome of any appeal. The trial court explained that it initially proceeded in that manner "to avoid resource-consuming collateral litigation, pending appeal, in a case where the Court was concerned that the litigation expenses could potentially substantially exceed the amount in controversy." The trial court stated that it had "decided to entertain" these previously stayed matters "[a]t the urging of certain of the parties . . . because of assertions that one or more of the parties would be prejudiced if these additional matters were not ruled upon before appeals were decided."

The trial court fully resolved the parties' requests for discretionary costs. It also denied the request for attorney's fees asserted by Air Comfort, reasoning that it was not a prevailing party. With regard to the claims for attorney's fees asserted by E Solutions, Knestrick, and Berkley, the trial court found:

> E Solutions is a prevailing party and is entitled to an award of reasonable attorneys' fees under the contract entered with Air Comfort. The Court, however, hereby DENIES E Solutions application for attorneys' fees, without prejudice, because it is not accompanied by a sworn detailed itemization of the services rendered and the time expended for those particular services as required under Local Rule § 5.05 and Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1). This denial is without prejudice. E Solutions may renew its request for attorneys' fees in this Court after all appeals are exhausted.
> . . . .
> Knestrick and Berkley are prevailing parties. Knestrick is generally entitled to attorneys' fees under the indemnification provisions' of the parties' subcontract due to Air Comfort's decision to withhold payment to E Solutions when Air Comfort had no contractual right to do so. The Court, however, hereby DENIES, without prejudice, Knestrick and Berkley's application for attorneys' fees because it lacks the specific itemization required by Local Rule Sec. 5.05 and Tenn. Sup. Ct. R. 8, RPC 1.5, pending the outcome of the appeals.

The order stated that the motions for attorney's fees filed by E Solutions, Knestrick, and

Berkley were granted in part and denied in part without prejudice. The trial court certified its order as final under Tennessee Rule of Civil Procedure 54.02. Air Comfort timely filed a notice of appeal.

## II. DISCUSSION

Air Comfort and E Solutions present a host of issues for review on appeal. However, we do not reach consideration of those issues because we have concluded that the order appealed is not a final or appealable judgment. Review on appeal generally extends only to those issues presented for review, but appellate courts must also consider "whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." Tenn. R. App. P. 13(b). "Lack of appellate jurisdiction cannot be waived." *Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011). Pursuant to the mandates of Rule 13(b), we have reviewed the appellate record and come to the conclusion that this Court lacks subject matter jurisdiction over the appeal.

We begin by examining the "'avenue' by which [the] appeal is being pursued before this Court." *Town of Collierville v. Norfolk S. Ry. Co.*, 1 S.W.3d 68, 69-70 (Tenn. Ct. App. 1998). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). A "final judgment" refers to a trial court decision adjudicating all the claims, rights, and liabilities of all the parties. *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012). A final judgment resolves all the issues and leaves "'nothing else for the trial court to do.'" *Id.* (quoting *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)). "This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final." *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009).

Rule 3 of the Tennessee Rules of Appellate Procedure provides:

> Except as otherwise permitted in [R]ule 9 and in Rule 54.02 [of the] Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

The procedures set forth in Rule 9 were not utilized in this case, so we turn to Rule 54.02. It provides, in part:

When more than one claim for relief is present in an action, . . . or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Tenn. R. Civ. P. 54.02.

Rule 54.02 "is an exception to Rule 3 that permits the trial court, without permission from the appellate court, to certify an order as final and appealable, even if parts of the overall litigation remain pending in the trial court." *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012). It allows "the trial court to convert an interlocutory ruling into an appealable order." *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 49 (Tenn. 2012). However, "the trial court's authority to direct the entry of a final judgment is not absolute." *Brentwood Chase Cmty. Ass'n v. Truong*, No. M2014-01294-COA-R3-CV, 2014 WL 5502393, at *2 (Tenn. Ct. App. Oct. 30, 2014) (citing *Crane v. Sullivan*, No. 01A01-9207-CH-00287, 1993 WL 15154, at *1-2 (Tenn. Ct. App. Jan. 27, 1993)). "Rule 54.02 does not apply to all orders that are interlocutory in nature." *Konvalinka v. Am. Int'l Grp., Inc.*, No. E2011-00896-COA-R3-CV, 2012 WL 1080820, at *3 (Tenn. Ct. App. Mar. 30, 2012). An order can only be certified as final in limited circumstances. *Johnson*, 383 S.W.3d at 130. Because Rule 54.02 provides that a trial court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties," the order certified as final must be dispositive of an entire claim or a party. *Bayberry*, 783 S.W.2d at 558. In other words, the order at issue must dispose of at least one entire claim or resolve all of the claims against at least one party. *Konvalinka*, 2012 WL 1080820, at *3. "The purpose of the certification rule is to enhance judicial economy and 'to prevent piecemeal appeals in cases which should be reviewed only as single units.'" *Cates v. White*, No. 03A01-9104-CH-00130, 1991 WL 168620, at *3 (Tenn. Ct. App. Sept. 4, 1991) (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980)).

Whether a particular order disposes of a distinct and separable "claim" that is subject to Rule 54.02 certification is a question of law reviewed de novo. *Ingram*, 379 S.W.3d at 238; *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009). If the trial court certifies a judgment as final, but it is not conclusive as to an entire claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final. *FSGBank, N.A. v. Anand*, No. E2011-00168-COA-R3-CV, 2012 WL 554449, at *4 (Tenn. Ct. App. Feb. 21, 2012). Without a final adjudication of at least one claim, Rule

54.02 is simply inapplicable. *King v. Kelly*, No. M2015-02376-COA-R3-CV, 2016 WL 3632761, at \*4 (Tenn. Ct. App. June 28, 2016), *perm app. denied* (Tenn. Jan. 19, 2017).

For the purposes of Rule 54.02, a "claim" is defined as the "'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Carr v. Valinezhad*, M2009-00634-COA-R3-CV, 2010 WL 1633467, at \*3 (Tenn. Ct. App. Apr. 22, 2010) (quoting *Brown*, 2009 WL 4878621, at \*6). "'[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.'" *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at \*4 (Tenn. Ct. App. Aug. 15, 2008) (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)). Rule 54.02 cannot be used to appeal a part of a single claim or to test a single legal theory of recovery. *Id.*

Here, the trial court resolved the parties' breach of contract claims and found that E Solutions, Knestrick, and Berkley are contractually entitled to recover their attorney's fees, but the court granted in part and denied in part the request for contractual attorney's fees, without prejudice, directing the parties to re-submit their requests after this appeal. This order was improvidently certified as final. Rule 54.02 "does not allow a trial court to certify an order[] that disposes of only some, but not all, elements of damages, as final and appealable." *Cooper v. Powers*, No. E2011-01065-COA-R9-CV, 2011 WL 5925062, at \*6 (Tenn. Ct. App. Nov. 29, 2011). "Notably absent from Rule 54.02 is any mention of allowing the certification as final of an order which disposes of certain elements of a claim for damages but leaves the claim pending as to other elements." *Id*. *See, e.g.*, *Johnson v. Tanner-Peck, L.L.C.*, No. W2009-02454-COA-R3-CV, 2011 WL 1330777, at \*6 n.8 (Tenn. Ct. App. Apr. 8, 2011) (explaining that an order was not appropriate for certification as final under Rule 54.02 because it did not dispose of a request for treble damages, punitive damages, attorney's fees and the like arising out of the same claim); *Cates*, 1991 WL 168620, at \*4 ("Bifurcation of damages is fatal to a 54.02 certification. . . . While it is proper for the trial court to bifurcate the eviden[t]iary hearings on these damages, it cannot bifurcate the appeal of it."). An award as to only one facet of the total damages is not properly certifiable. *Cates*, 1991 WL 168620, at \*4.

We reached the same conclusion on facts similar to those before us in *Toyos v. Hammock*, No. W2011-01649-COA-R3-JV, 2013 WL 177417, at \*16-17 (Tenn. Ct. App. Jan. 17, 2013).[1] The trial court had certified its judgment as final pursuant to Rule 54.02 in "an attempt to finalize the judgment" even though the issue of attorney's fees had not been resolved. This Court entered a per curiam opinion finding that we lacked

---

[1] We note that the citation provided is to a latter opinion in *Toyos*. In the context of that opinion, we described the procedural history of the case and previous per curiam opinion regarding lack of jurisdiction.

6

jurisdiction in the matter because the trial court's order failed to adjudicate the request for attorney fees.  We likewise find that this Court lacks jurisdiction over the appeal in this matter.

### III. CONCLUSION

For the aforementioned reasons, this appeal is dismissed, and the matter is remanded for further proceedings.  Costs of this appeal are taxed equally to the appellees, E  Solutions for Buildings, LLC, Knestrick Contractor, Inc., and Berkley Regional Insurance Company, and the appellant, Air Comfort Heating and Cooling, LLC, and its surety, for which execution may issue if necessary.


_____
BRANDON O. GIBSON, JUDGE