IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 19, 2020 Session

## MARK T. CROSS v.. RIVER SOUND HOMEOWNERS ASSOCIATION, INCORPORATED

**Appeal from the Chancery Court for Knox County**
**No. 196872-2     Clarence E. Pridemore, Jr., Chancellor**

_____

### No. E2019-01183-COA-R3-CV
_____

This is an appeal from an order of partial summary judgment. Although the trial court attempted to certify its order as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, we hold that such certification was improvident. There being no final judgment before us, we are compelled to dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Lewis S. Howard, Jr., Knoxville, Tennessee, for the appellant, River Sound Homeowners Association, Incorporated.

Christopher D. Heagerty, Knoxville, Tennessee, for the appellee, Mark T Cross.

### OPINION

*Background*

The parties to this appeal are Mark Cross and the River Sound Homeowners Association, Inc. ("the HOA"). Mr. Cross resides in the River Sound subdivision and operates an Airbnb at his residence. The HOA contends that Mr. Cross's operation of an Airbnb at his residence in the River Sound Community is in violation of the HOA's Amended and Restated Declaration of Restrictions. Prior to the onset of this litigation, the HOA made demand on Mr. Cross to cease and desist offering others access to his property and also demanded that Mr. Cross refrain from offering his property to others via advertisement on the internet in violation of the HOA's restrictions. The HOA

threatened monetary penalties if Mr. Cross failed to acquiesce in its demands.

Mr. Cross soon filed suit in the Knox County Chancery Court ("the trial court") as a result of the above controversy, and in his October 25, 2018 petition, he sought declaratory relief regarding the Declaration of Restrictions pertinent to the subdivision,[1] as well as monetary damages. According to Mr. Cross, the use of his property amounted to the grant of a "license" to others, not a "lease." The HOA filed an answer and counterclaim in December 2018. Therein, the HOA alleged that Mr. Cross "uses his residence as a short term rental property." The HOA further alleged that Mr. Cross was in violation of the subdivision's restrictions, and it sought the issuance of an injunction against continued violations, as well as the recovery of certain costs and expenses.

Pursuant to a January 2, 2019 motion for summary judgment filed by Mr. Cross, on May 16, 2019, the trial court entered an order of partial summary judgment granting him certain declaratory relief. Of note, the May 16 order *did not* adjudicate all issues in the case. In fact, the order openly acknowledged that the issue of Mr. Cross's damages "remain for adjudication." The trial court concluded the order, however, by certifying it as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Although a Rule 60.02 motion was thereafter filed by the HOA,[2] that motion was ultimately denied, leading to the present appeal.

*Discussion*

In its appellate brief, the HOA raises a number of concerns connected to the trial court's grant of partial summary judgment. As explained below, however, we are unable to reach these issues in this appeal. Under the rules of appellate procedure, we are first required to consider whether this Court has jurisdiction over the subject matter of the case, whether or not presented for review. *See* Tenn. R. App. P. 13(b).

Typically, appellate courts have jurisdiction over final judgments only. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Rule 3 of the Tennessee Rules of Appellate Procedure provides that:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. *Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims*

---

[1] The text of Mr. Cross's petition refers to the subdivision's restrictions as "By-Laws."
[2] This motion was alternatively brought by the HOA pursuant to Rule 59.04, as a motion to alter or amend.

*or the rights and liabilities of fewer than all the parties is not enforceable or appealable* and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a) (emphasis added).

In this case, inasmuch as the trial court's own order acknowledged that further issues remained to be decided in the case, there clearly was not a "final judgment" in the traditional sense. Indeed, an "order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). As alluded to above, however, Rule 54.02, which was invoked by the trial court in this case, is a potential exception to the final judgment bar. As a prior panel of this Court recently explained:

> Rule 54.02 "is an exception to Rule 3 that permits the trial court, without permission from the appellate court, to certify an order as final and appealable, even if parts of the overall litigation remain pending in the trial court." *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012). It allows "the trial court to convert an interlocutory ruling into an appealable order." *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 49 (Tenn. 2012). However, "the trial court's authority to direct the entry of a final judgment is not absolute." *Brentwood Chase Cmty. Ass'n v. Truong*, No. M2014–01294–COA–R3–CV, 2014 WL 5502393, at *2 (Tenn. Ct. App. Oct. 30, 2014) (citing *Crane v. Sullivan*, No. 01A01–9207–CH–00287, 1993 WL 15154, at *1–2 (Tenn. Ct. App. Jan. 27, 1993)). "Rule 54.02 does not apply to all orders that are interlocutory in nature." *Konvalinka v. Am. Int'l Grp., Inc.*, No. E2011–00896–COA–R3–CV, 2012 WL 1080820, at *3 (Tenn. Ct. App. Mar. 30, 2012). An order can only be certified as final in limited circumstances. *Johnson*, 383 S.W.3d at 130. Because Rule 54.02 provides that a trial court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties," the order certified as final must be dispositive of an entire claim or a party. *Bayberry*, 783 S.W.2d at 558. In other words, the order at issue must dispose of at least one entire claim or resolve all of the claims against at least one party. *Konvalinka*, 2012 WL 1080820, at *3. "The purpose of the certification rule is to enhance judicial economy and 'to prevent piecemeal appeals in cases which should be reviewed only as single units.'" *Cates v. White*, No. 03A01–9104–CH–00130, 1991 WL 168620, at *3 (Tenn. Ct. App. Sept. 4, 1991) (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980)).
>
> Whether a particular order disposes of a distinct and separable "claim" that is subject to Rule 54.02 certification is a question of law

reviewed de novo. *Ingram*, 379 S.W.3d at 238; *Brown v. John Roebuck & Assocs., Inc.*, No. M2008–02619–COA–R3–CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009). If the trial court certifies a judgment as final, but it is not conclusive as to an entire claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final. *FSGBank, N.A. v. Anand*, No. E2011–00168–COA–R3–CV, 2012 WL 554449, at *4 (Tenn. Ct. App. Feb. 21, 2012). Without a final adjudication of at least one claim, Rule 54.02 is simply inapplicable. *King v. Kelly*, No. M2015–02376–COA–R3–CV, 2016 WL 3632761, at *4 (Tenn. Ct. App. June 28, 2016), *perm app. denied* (Tenn. Jan. 19, 2017).

For the purposes of Rule 54.02, a "claim" is defined as the "'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Carr v. Valinezhad*, M2009–00634–COA–R3–CV, 2010 WL 1633467, at *3 (Tenn. Ct. App. Apr. 22, 2010) (quoting *Brown*, 2009 WL 4878621, at *6). "'[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.'" *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007–01104–COA–R3–CV, 2008 WL 3833613, at *4 (Tenn. Ct. App. Aug. 15, 2008) (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)). Rule 54.02 cannot be used to appeal a part of a single claim or to test a single legal theory of recovery.

*E. Sols. for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *3-4 (Tenn. Ct. App. Apr. 17, 2018).

Having reviewed the record transmitted to us, we are of the opinion that the trial court's Rule 54.02 certification was improvident. The rights at issue on appeal are clearly linked with the undecided issue of damages, and as such, should be entertained by this Court, if at all, together, not in successive appeals. *See Crane v. Sullivan*, No. 01A01-9207-CH-00287, 1993 WL 15154, at *2 (Tenn. Ct. App. Jan. 27, 1993) (noting that "[p]iece-meal appeals are not favored" and holding that a Rule 54.02 certification was improvident when an issue the trial court declared final and appealable was "inextricably linked with the remaining issues not yet decided"). The present appeal is hereby dismissed for lack of subject matter jurisdiction, and the case is remanded for such further proceedings as may be necessary and consistent with this opinion.

_____
ARNOLD B. GOLDIN, JUDGE

- 4 -