IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 9, 2020 Session

## TRACY DARRELL ADKINS v. RHONDA FORLAW ADKINS

**Appeal from the Chancery Court for Williamson County**
**No. 44288    Michael Binkley, Judge**

_____

### No. M2018-00890-COA-R3-CV

_____

This appeal involves a contentious divorce case that has been pending since 2015. The trial court entered an order purportedly certifying fourteen of the orders entered over the course of the litigation as final and appealable orders pursuant to Tennessee Rule of Civil Procedure 54.02. We conclude that the trial court improvidently certified these orders as final and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Russ Heldman and Joanie L. Abernathy, Franklin, Tennessee, for the appellant, Rhonda Forlaw Adkins.

Larry Hayes, Jr., and Rachel M. Thomas, Nashville, Tennessee, for the appellee, Tracy Darrell Adkins.

### OPINION

### I.    FACTS & PROCEDURAL HISTORY

This divorce case between Tracy Darrell Adkins ("Husband") and Rhonda Forlaw Adkins ("Wife") has been pending since 2015. The record of the proceedings is voluminous. According to the appellee's brief, the record spans almost 9,000 pages.

On May 10, 2018, Wife filed a motion asking the trial court to make additional findings and revise several of its existing orders. Wife asserted that "all pending Motions and Claims of [Wife] have not been specifically adjudicated." However, Wife asked the

trial court to certify thirteen of its orders as final pursuant to Tennessee Rule of Civil Procedure 54.02. She asked the court "to make final all issues and claims adjudicated by all these thirteen (13) Orders for one single appeal, in the interest of economy and resolution by one appellate process." Wife acknowledged that without a certification under Rule 54.02, "the Court of Appeals would have no jurisdiction for appellate review." She explained, "Because there are claims or issues still pending, the Court is being asked to make these findings so there can be an appeal of Orders deemed interlocutory to the Tennessee Court of Appeals as a final judgment appealable as of right by notice of appeal, pursuant to T.R.A.P 3."[1]

On September 10, 2018, the trial court entered an order finding that Wife's motion to amend or revise the orders was well taken and should be granted. The order simply stated that "as to each of the following *Orders* enumerated below, there is no just reason for delay in making each *Order* a final judgment; and the Court expressly directs entry of final judgment pursuant to T.R.C.P. 54.02, as to each of the following *Orders* . . . ." The trial court then designated fourteen orders, which were entered between January 2016 and April 2018, as final orders that were deemed appealable pursuant to Tennessee Rule of Civil Procedure 54.02. These orders addressed a wide range of issues, ranging from continuances, discovery matters, summary judgment, a marital dissolution agreement, attorney's fees, and recusal. However, the order did not certify *all* orders entered during the litigation as final and appealable. Wife admits that the trial court had entered approximately forty orders during the divorce proceeding.

In two separate orders entered by this Court, we cautioned the litigants that it was not clear from the record whether the trial court had entered a final and appealable order and that certification pursuant to Rule 54.02 "is rarely appropriate in a divorce action." Wife filed a motion for this Court to determine whether it had appellate jurisdiction, which this Court denied at that time.

The parties filed briefs raising a total of nineteen issues in relation to the fourteen orders certified as final by the trial court. However, Wife maintained in her brief on appeal

---

[1] On the same date, Wife also filed a motion for permission to seek an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9, which apparently went unresolved. Days later, while these motions were pending, she also filed a notice of appeal as of right, belatedly attempting to appeal an order on a recusal motion pursuant to Tennessee Supreme Court Rule 10B, in addition to some other specified orders.

"Rule 10B provides for two alternative methods for appealing a trial court's denial of a recusal motion, either 'the accelerated interlocutory appeal or an appeal as of right following entry of the trial court's judgment.'" *Hastings v. Hastings*, No. W2020-00989-COA-T10B-CV, 2020 WL 4556831, at *2 (Tenn. Ct. App. Aug. 6, 2020) (citing Tenn. R. Sup. Ct. 10B, § 2.01). If an accelerated interlocutory appeal is pursued, "the 'petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order.'" *Id.* (citing Tenn. R. Sup. Ct. 10B § 2.02). This time period is "'jurisdictional and cannot be extended by the court.'" *Id.* (quoting Tenn. R. Sup. Ct. 10B § 2.08). Wife's attempt to pursue an accelerated interlocutory appeal in this case came too late.

that several of her claims were not addressed by the trial court and remained pending in the court below. When asked about this matter during oral argument, counsel for Wife confirmed her position that there are still issues "outstanding" in the trial court. She claims that nine "specifically plead claims" in her amended counterclaim were not addressed and that three prayers for relief "are also still pending."

## II. DISCUSSION

Generally, review on appeal extends only to the issues presented for review; however, "appellate courts must also consider 'whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review.'" *Coleman v. Tenn. Bd. of Parole*, No. M2016-00410-COA-R3-CV, 2016 WL 6248027, at *3 (Tenn. Ct. App. Oct. 25, 2016) (quoting Tenn. R. App. P. 13(b)). "Lack of appellate jurisdiction cannot be waived." *Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011).

"Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). For purposes of Rule 54.02, a "'final judgment' refers to a trial court's decision adjudicating all the claims, rights, and liabilities of all the parties." *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012). A final judgment resolves all issues and leaves "nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An "order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final[.]" *Id.*

Here, Wife insists that numerous issues remain outstanding in the trial court. Admittedly, it is exceedingly difficult to verify this assertion due to the sheer size of the record on appeal, which spans forty-five volumes of technical record alone. To make matters worse, the trial court did not give any explanation for its decision to certify these fourteen orders as final. At oral argument before this Court, Husband's counsel was asked about the existence of unresolved matters, and he suggested that the trial court's Rule 54.02 order indicated an intention to "pass the torch to the Court of Appeals" and resolve any outstanding matters. However, we respectfully disagree with this characterization of the Rule 54.02 order.

We interpret the trial court's order certifying fourteen orders as final as implicitly *agreeing* with Wife's assertion that not all of her claims had been adjudicated. Wife repeatedly emphasized in her motion that "all pending Motions and Claims of [Wife] have not been specifically adjudicated" and that the orders would be deemed interlocutory in the absence of a Rule 54.02 certification. The trial court found that Wife's motion was "well taken," and it specified that those specific orders would be certified as final. If the trial court believed that all of the issues in the case had already been resolved, there would have been no need to proceed under Rule 54.02 and designate only certain orders as final and

appealable. It would have been a simple matter to state that all outstanding claims or motions were hereby dismissed. To the contrary, the trial court chose to designate fourteen of its orders as final and appealable rather than all of the orders entered in the litigation.

Based on the position of the trial judge, who was far more intimately familiar with the issues involved in this case, we will likewise proceed with the understanding that not all of Wife's claims have been adjudicated.[2] *See, e.g.*, *Cross v. River Sound Homeowners Ass'n, Inc.*, No. E2019-01183-COA-R3-CV, 2020 WL 1042647, at *2 (Tenn. Ct. App. Mar. 4, 2020) ("[I]nasmuch as the trial court's own order acknowledged that further issues remained to be decided in the case, there clearly was not a 'final judgment' in the traditional sense.") The trial court's order does not purport to be a final judgment appealable as of right. Going forward, we must also bear in mind that only about one-third of the trial court's existing orders were designated as final and appealable.

Tennessee Rule of Appellate Procedure 3(a) provides, in pertinent part:

> *Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure*, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

(emphasis added). Here, the trial court did not resolve Wife's motion for permission to seek an interlocutory appeal pursuant to Rule 9, so we must determine whether the requirements were met to proceed under Rule 54.02.

Rule 54.02 serves as "an exception to Rule 3 that permits the trial court, without permission from the appellate court, to certify an order as final and appealable, even if parts of the overall litigation remain pending in the trial court." *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012). Rule 54.02 provides, in relevant part:

> (1) When more than one claim for relief is present in an action, . . . or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the

---

[2] We express no opinion as to the precise scope of the unresolved claims or whether all of those enumerated by Wife in her brief would be included.

action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Essentially, this Rule allows a trial court, in certain circumstances, "to convert an interlocutory ruling into an appealable order." *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 49 (Tenn. 2012). However, "Rule 54.02 does not apply to all orders that are interlocutory in nature." *Konvalinka v. Am. Int'l Grp., Inc.*, No. E2011-00896-COA-R3-CV, 2012 WL 1080820, at *3 (Tenn. Ct. App. Mar. 30, 2012). An interlocutory order can only be certified as final under Rule 54.02 "in limited circumstances." *Johnson*, 383 S.W.3d at 130. Thus, "the trial court's authority to direct the entry of a final judgment is not absolute." *Brentwood Chase Cmty. Ass'n v. Truong*, No. M2014-01294-COA-R3-CV, 2014 WL 5502393, at *2 (Tenn. Ct. App. Oct. 30, 2014) (citing *Crane v. Sullivan*, No. 01A01-9207-CH-00287, 1993 WL 15154, at *1-2 (Tenn. Ct. App. Jan. 27, 1993)). "Orders certifying interlocutory judgments as final 'should not be entered routinely' and 'cannot be routinely entered as a courtesy to counsel.'" *Harris v. Chern*, 33 S.W.3d 741, 746 n.3 (Tenn. 2000) (quoting *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 921 (Tenn. Ct. App. 1991)). Likewise, "Tennessee Rule of Civil Procedure 54.02 does not provide a 'fast track' alternative to Tennessee Rule of Appellate Procedure 9." *Tucker v. Capitol Records, Inc.*, No. M2000-01765-COA-R3-CV, 2001 WL 1013085, at *7 (Tenn. Ct. App. Sept. 6, 2001) (citing *Bayberry Assocs.*, 783 S.W.2d 553; *Mosier v. Mosier*, 1989 WL 22832 (Tenn. Ct. App. Mar. 17, 1989); *Williams v. New York Times Broad. Servs., Inc.*, 1988 WL 27257 (Tenn. Ct. App. Mar. 23, 1988); *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022 (6th Cir. 1994)).

Because Rule 54.02 allows a trial court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties," Tenn. R. Civ. P. 54.02, the order certified as final must be dispositive of either an entire claim or a party. *Bayberry*, 783 S.W.2d at 558. The Rule also requires "an express determination that there is no just reason for delay." Tenn. R. Civ. P. 54.02. Accordingly, "[t]wo prerequisites exist for the certification of a final judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, and (2) the order must expressly direct the entry of final judgment upon an express finding of 'no just reason for delay.'" *Coleman*, 2016 WL 6248027, at *4 (citing *FSGBank, N.A. v. Anand*, No. E2011-00168-COA-R3-CV, 2012 WL 554449, at *4 (Tenn. Ct. App. Feb. 21, 2012)).

Appellate courts "review a trial court's Rule 54.02 certification of a judgment as final using a dual standard of review." *Id.* (citing *King v. Kelly*, No. M2015-02376-COA-R3-CV, 2016 WL 3632761, at *3 (Tenn. Ct. App. June 28, 2016); *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009)). The preliminary determination as to "whether a particular order disposes of a distinct and separable 'claim' that is subject to Rule 54.02 certification is a question of law reviewed *de novo*." *Id.* (citing *Ingram*, 379 S.W.3d at 238; *Brown*, 2009 WL

4878621, at *5). "If the trial court certifies a judgment as final, but it is not conclusive as to an entire claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final." *Id.* (citing *FSGBank*, 2012 WL 554449, at *4). In the absence of an adjudication as to one entire claim or party, "Rule 54.02 is simply inapplicable." *Id.* (citing *King*, 2016 WL 3632761, at *4). If the order does properly dispose of one claim or party, then appellate courts "determine whether 'there is no just reason for delay' within the meaning of Rule 54.02," reviewing the trial court's determination under an abuse of discretion standard. *Id.* (citing *King*, 2016 WL 3632761, at *3; *Ingram*, 379 S.W.3d at 238).

To meet the first requirement, "the order at issue must dispose of at least one entire claim or resolve all of the claims against at least one party." *E Sols. for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *3 (Tenn. Ct. App. Apr. 17, 2018) *perm. app. denied* (Tenn. Aug. 9, 2018) (citing *Konvalinka*, 2012 WL 1080820, at *3). Because the divorce case before us only involved two parties, we will limit our discussion to whether the orders resolved at least one entire claim. *See Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *4 (Tenn. Ct. App. Aug. 15, 2008) (recognizing that when only two parties are involved, "Rule 54.02 certification necessarily depends on the presence of multiple claims"); *Tucker*, 2001 WL 1013085, at *5 ("As this is not a multi-party case, appellate jurisdiction under Rule 54.02 must stand or fall on the 'more than one claim for relief' provision of this rule.").

For purposes of Rule 54.02, a single "claim" is defined as "'the aggregate of operative facts which give rise to a right enforceable in the courts,'" even though different theories of liability may have been asserted. *Tucker*, 2001 WL 1013085, at *8 (quoting *General Acquisition*, 23 F.3d at 1027-1029). Thus, "'separate causes of actions or counts in a complaint that arise out of the same series of closely related factual occurrences constitute one claim for the purposes of Rule 54.02.'" *Fed. Nat'l Mortg. Ass'n v. Quarles*, No. M2015-01620-COA-R3-CV, 2016 WL 5723957, at *6 (Tenn. Ct. App. Sept. 30, 2016) (quoting *Carr v. Valinezhad*, No. M2009-00634-COA-R3-CV, 2010 WL 1633467, at *3 (Tenn. Ct. App. Apr. 22, 2010)). Rule 54.02 "'cannot be used to appeal a part of a single claim or . . . to test a single legal theory of recovery.'" *Coleman*, 2016 WL 6248027, at *5 (quoting *Christus Gardens*, 2008 WL 3833613, at *5).

Considering the nature of the order entered by the trial court in this complex divorce case, it becomes apparent that it did not resolve the entire claim between the parties. In addition to the outstanding issues that remain unresolved, the order designated only fourteen of the trial court's forty orders as final and appealable. Thus, the first prong of Rule 54.02 was not met, rendering the Rule "simply inapplicable." *Coleman*, 2016 WL 6248027, at *4.

Even if we assumed for the sake of argument that the order did resolve an entire

claim between the parties, we would nevertheless find that certification was improper in this case under the second prong. As it is, the trial court has attempted to permit an appeal of fourteen of its existing orders while the remaining orders are deemed non-final. Conceivably, the parties could attempt to appeal those remaining orders at a later date.[3] Rule 54.02 seeks to "'prevent piecemeal appeals in cases which should be reviewed only as single units.'" *E Sols. for Buildings*, 2018 WL 1831116, at *3 (quoting *Cates v. White*, No. 03A01-9104-CH-00130, 1991 WL 168620, at *3 (Tenn. Ct. App. Sept. 4, 1991)). "This Court may conclude that Rule 54.02 certification was improvidently granted where 'the issue which the trial court declared final and appealable is inextricably linked with the remaining issues not yet decided.'" *Ingram*, 379 S.W.3d at 238 (quoting *Crane*, 1993 WL 15154, at *2).

We further note that "[a]lthough trial courts have considerable discretion in making the determination that there is no just reason to delay appellate review, such a determination is subject to reversal if the court 'fails to weigh and examine the competing factors involved in the certificat[ion] decision.'" *Quarles*, 2016 WL 5723957, at *6 (Tenn. Ct. App. Sept. 30, 2016) (quoting *GenCorp.*, 23 F.3d at 1030). This Court has adopted five factors for consideration. *Id.* Here, the trial court did not reference or discuss any of those factors or give any explanation for its decision.

We conclude that the trial court's order was improvidently certified as final and therefore dismiss the appeal for lack of subject matter jurisdiction. We note that "[w]here an interlocutory order is not appropriate for Rule 54.02 certification but the trial court desires immediate appellate review of the order, the trial court may grant permission for interlocutory appeal of the order pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure." *Konvalinka*, 2012 WL 1080820, at *3 n.7. Alternatively, the parties can appeal as of right once a final and appealable order has been entered.

### III. CONCLUSION

For the aforementioned reasons, the appeal is dismissed and this matter is remanded for further proceedings. Costs of this appeal are taxed to the appellant, Rhonda Forlaw Adkins, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[3] Indeed, it appears that after the trial court entered the September 10 order at issue, designating fourteen orders as final and appealable, the trial court entered another order on November 13 again invoking Rule 54.02 and making additional rulings final and appealable. Thus, the possibility of piecemeal litigation is not far-fetched.