IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 29, 2023 Session

## ETHAN RASHAD HOLMES, AS THE SURVIVING CHILD AND NEXT OF KIN OF EPHRAIM HOLMES v. STACY L. SHIPP

**Appeal from the Circuit Court for Shelby County**
**No. CT-0898-19    Yolanda Kight Brown, Judge**



**No. W2023-00605-COA-R3-CV**

This is a personal injury case. The trial court granted summary judgment in favor of one of the defendants. The plaintiff appeals. Because the order appealed is not a final judgment, and because the order was improperly certified as final pursuant to Tennessee Rule of Civil Procedure 54.02, we dismiss the appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Raul D. Norris, Memphis, Tennessee, for the appellant, Ethan Rashad Holmes, as the surviving child and next of kin of Ephraim Holmes.

Margaret Cooper Roney and William C. Podesta, Memphis, Tennessee, for the appellee, Stacy L. Shipp.

### OPINION

#### I. FACTS & PROCEDURAL HISTORY

In February 2019, Ethan Rashad Holmes filed a complaint against Stacy L. Shipp,[1] alleging that Mr. Shipp negligently collided with his father's vehicle while towing a school bus. Mr. Holmes subsequently amended his complaint twice. In his second amended complaint, he also asserted claims against Ian Goodman, alleging that Mr. Goodman

---

[1] The complaint additionally asserted claims against Elite Towing and Transport Inc., d/b/a Griffith Towing ("Elite"). In July 2020, Elite filed a motion to dismiss the claims against it, which the trial court granted.

"negligently secur[ed] the school bus on the tow truck." In October 2022, the trial court entered a scheduling order with a deadline for the plaintiff to disclose expert witnesses. After the deadline passed, Mr. Shipp moved for summary judgment on the basis that Mr. Holmes failed to disclose expert witnesses by the deadline and that his proof at the summary judgment stage was insufficient to establish his claims. Mr. Holmes subsequently filed a motion to amend the scheduling order, proposing a later deadline for disclosure of expert witnesses, which the court denied.

Thereafter, the trial court granted Mr. Shipp's motion for summary judgment, finding that Mr. Holmes was "precluded from introducing expert proof due to [the] expiration of the Scheduling Order deadline" and thus, "at the summary judgment stage, [Mr. Holmes] is unable to establish an essential element of his claim[.]" In the order, the court stated, "This is a final order, there being no just reason for delay." The order, however, did not address the claims against Mr. Goodman. Mr. Holmes filed a notice of appeal to this Court.

On April 16, 2024, this Court entered an order directing Mr. Holmes to either obtain entry of a final judgment resolving the claims against Mr. Goodman or to submit a supplemental brief within 30 days regarding whether a final judgment already exists pursuant to Tennessee Rule of Appellate Procedure 3(a) and whether certification of the trial court's summary judgment order as final was proper pursuant to Tennessee Rule of Procedure 54.02. On May 17, 2024, Mr. Holmes moved for an extension of 30 days to prepare a supplemental brief. We granted the motion and ordered that Mr. Holmes's brief was due on or before June 17, 2024. When no brief had been filed by July 8, 2024, we entered a show cause order stating that within ten days of the entry of the order, Mr. Holmes was "ordered to either supplement the appellate record with a final judgment, file a supplemental brief, or otherwise show cause in this Court why the appeal should not be dismissed for lack of jurisdiction." Mr. Holmes did not respond to the show cause order.

## II. DISCUSSION

Generally, review on appeal extends only to the issues presented for review. However, appellate courts must consider "whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." Tenn. R. App. P. 13(b). "Lack of appellate jurisdiction cannot be waived." *Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Casualty & Surety Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)). In this context, a "'final judgment' refers to a trial court's decision adjudicating all the claims, rights, and liabilities of all the parties." *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012) (citing Tenn. R. App. P. 3(a)). A final judgment resolves all issues before the court and leaves "nothing

else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "In contrast, an order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final, but is subject to revision at any time before the entry of a final judgment." *Id.* In the case at bar, the trial court has not resolved all of the issues in a final order because the claims against Mr. Goodman remain pending. In its order, however, the trial court stated, "This is a final order, there being no just reason for delay." It appears, from these words, that the trial court attempted to certify the order as final pursuant to Tennessee Rule of Civil Procedure 54.02. Therefore, we must determine whether the requirements of Rule 54.02 were satisfied.

On appeal, we review a trial court's Rule 54.02 certification of a judgment as final using a dual standard of review. *King v. Kelly*, No. M2015-02376-COA-R3-CV, 2016 WL 3632761, at *3 (Tenn. Ct. App. June 28, 2016); *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009). "The initial determination of whether a particular order disposes of a distinct and separable 'claim' that is subject to Rule 54.02 certification is a question of law reviewed *de novo*." *Infinity Homes, Inc. v. Horizon Land Title, Inc.*, No. M2022-00829-COA-R3-CV, 2023 WL 3884723, at *4 (Tenn. Ct. App. June 8, 2023) (quoting *Ingram*, 379 S.W.3d at 238; *Brown*, 2009 WL 4878621, at *5). If the order properly disposes of an entire claim or party, appellate courts then determine whether "there is no just reason for delay" within the meaning of Rule 54.02. *Id.* "The trial court's determination as to this issue is reviewed under an abuse of discretion standard." *Id.* (citing *King*, 2016 WL 3632761, at *3; *Ingram*, 379 S.W.3d at 238).

Rule 54.02 provides "an exception to Rule 3 that permits the trial court, without permission from the appellate court, to certify an order as final and appealable, even if parts of the overall litigation remain pending in the trial court." *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012). Rule 54.02 provides, in relevant part:

> (1) When more than one claim for relief is present in an action, . . . or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Essentially, this Rule allows a trial court, in certain circumstances, "to convert an interlocutory ruling into an appealable order[.]" *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 49 (Tenn. 2012). However, "Rule 54.02 does not apply to all orders that are interlocutory in nature." *Konvalinka v. Am. Int'l Grp., Inc.*, No. E2011-00896-COA-R3-CV, 2012 WL 1080820, at *3 (Tenn. Ct. App. Mar. 30, 2012). An interlocutory order can only be certified as final under Rule 54.02 "in limited circumstances." *Johnson*, 383 S.W.3d at 130. Thus, "the trial court's authority to direct the entry of a final judgment is not absolute." *Brentwood Chase Cmty. Ass'n v. Truong*, No. M2014-01294-COA-R3-CV, 2014 WL 5502393, at *2 (Tenn. Ct. App. Oct. 30, 2014) (citing *Crane v. Sullivan*, No. 01A01-9207-CH-00287, 1993 WL 15154, at *1-2 (Tenn. Ct. App. Jan. 27, 1993)). "Orders certifying interlocutory judgments as final 'should not be entered routinely' and 'cannot be routinely entered as a courtesy to counsel.'" *Harris v. Chern*, 33 S.W.3d 741, 745 n.3 (Tenn. 2000) (quoting *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 921 (Tenn. Ct. App. 1991)). Likewise, "Tennessee Rule of Civil Procedure 54.02 does not provide a 'fast track' alternative to Tennessee Rule of Appellate Procedure 9." *Tucker v. Capitol Records, Inc.*, No. M2000-01765-COA-R3-CV, 2001 WL 1013085, at *7 (Tenn. Ct. App. Sept. 6, 2001) (citing *Bayberry Assocs.*, 783 S.W.2d 553; *Mosier v. Mosier*, 1989 WL 22832 (Tenn. Ct. App. Mar. 17, 1989); *Williams v. New York Times Broad. Servs., Inc.*, 1988 WL 27257 (Tenn. Ct. App. Mar. 23, 1988); *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022 (6th Cir. 1994)).

Because Rule 54.02 allows a trial court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties," Tenn. R. Civ. P. 54.02, the order certified as final must be dispositive of either an entire claim or a party. *Bayberry Assocs.*, 783 S.W.2d at 558. The Rule also requires "an express determination that there is no just reason for delay." Tenn. R. Civ. P. 54.02. Accordingly, "[t]wo prerequisites exist for the certification of a final judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, and (2) the order must expressly direct the entry of final judgment upon an express finding of 'no just reason for delay.'" *Coleman v. Tenn. Bd. of Parole*, No. M2016-00410-COA-R3-CV, 2016 WL 6248027, at *4 (Tenn. Ct. App. Oct. 25, 2016) (citing *FSGBank, N.A. v. Anand*, No. E2011-00168-COA-R3-CV, 2012 WL 554449, at *4 (Tenn. Ct. App. Feb. 21, 2012)). We conclude that the order in the present case does not satisfy the requirements for certification under Rule 54.02.

Although the trial court's summary judgment order disposed of the claims against one party, we conclude that the trial court erred in finding that there was no just reason for delay. "This Court has adopted from the federal jurisprudence a list of factors that a trial court should consider in deciding whether or not to certify an interlocutory judgment as final under Rule 54.02[.]" *Coleman*, 2016 WL 6248027, at *6 (quoting *Rich v. City of Chattanooga*, No. E2013-00190-COA-R3-CV, 2014 WL 1513349, at *12 (Tenn. Ct. App. Apr. 17, 2014)). The factors include:

(1) the relationship between the adjudicated and unadjudicated claims; (2)

the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* (quoting *Rich*, 2014 WL 1513349, at *12). "Although trial courts have considerable discretion in making the determination that there is no just reason to delay appellate review, such a determination is subject to reversal if the court 'fails to "weigh and examine the competing factors involved in the certificat[ion] decision."'" *Fed. Nat'l Mortg. Ass'n v. Quarles*, No. M2015-01620-COA-R3-CV, 2016 WL 5723957, at *6 (Tenn. Ct. App. Sept. 30, 2016) (quoting *GenCorp.*, 23 F.3d at 1030).

Here, the trial court's order disposed of the claims against only one defendant, Mr. Shipp. However, it did not contain a statement or recognition that it was disposing of fewer than all of the parties to the lawsuit. Further, the order made no reference to the aforementioned factors and did not state any reasoning behind the finding that there was no just reason for delay. After reviewing the relevant factors, we find that there is ample reason to delay appellate review. For the first factor, we examine the relationship between the adjudicated and the unadjudicated claims. The trial court must "consider whether the factual issues at the heart of the claims [are] distinct." *Coleman*, 2016 WL 6248027, at *7 (quoting *FSGBank*, 2012 WL 554449, at *6 (quotations omitted)). "We must consider 'the extent to which the inquiry into applicable law for each claim would involve duplication of effort if done separately.'" *Id.* (quoting *FSGBank*, 2012 WL 554449, at *6). Mr. Holmes alleged that both defendants were negligent by failing to exercise ordinary and reasonable care under the circumstances and that their negligence caused his father's injuries. Likewise, Mr. Holmes's claims against Mr. Shipp and Mr. Goodman arise out of the same facts surrounding the towing of a school bus. Due to the significant factual and legal connection between the claims, if the appeal involving the claims against Mr. Shipp and the remaining claims against Mr. Goodman proceed separately, "we could be required to examine the same issues" in the same factual context twice. *Coleman*, 2016 WL 6248027, at *7. Indeed, "[t]his Court may conclude that Rule 54.02 certification was improvidently granted where 'the issue which the trial court declared final and appealable is inextricably linked with the remaining issues not yet decided.'" *Id.* at *8. (quoting *Ingram*, 379 S.W.3d at 238).

Moreover, given the issues presented in this appeal, a review of the order granting summary judgment to Mr. Shipp also requires this Court to consider whether the trial court erred in denying Mr. Holmes's motion to amend the scheduling order to allow for a later disclosure of expert witnesses. Any determination on our part as to whether the trial court erred in denying Mr. Holmes's motion could yield an unjust result by potentially affecting

the outcome of the pending claims against Mr. Goodman.  *See Blackburn ex rel. Briton B. v. McLean*, No. M2019-00428-COA-R3-CV, 2020 WL 4432038, at *6 (Tenn. Ct. App. July 31, 2020).  For these reasons, we conclude that the trial court erred in finding that there was no just reason to delay appellate review.  Therefore, we dismiss the appeal for lack of subject matter jurisdiction.

### III. CONCLUSION

For the aforementioned reasons, this appeal is hereby dismissed.  Costs of the appeal are taxed to the appellant, Ethan Rashad Holmes, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE